[Crim. No. 13472. Fourth Dist., Div. One. May 21, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
PAULINA B. ENRIGHT, Defendant and Appellant.

**COUNSEL**

Alden J. Fulkerson, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Steven V. Adler, Harley D. Mayfield and Jay M. Bloom, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**COLOGNE, Acting P. J.**—Paulina B. Enright was charged with seven burglaries (Pen. Code,[1] § 459) and one count of receiving stolen property (§ 496, subd. 1). In the municipal court, she pleaded guilty to two burglaries and the receiving stolen property charge in the felony complaint. The trial court sentenced her to prison for the upper term of three years on one burglary and to consecutive eight-month terms on the remaining two counts. She appeals.

On the receiving stolen property count, the change of plea form read: "Count 2; [defendant] received stolen property on or about 1/12/81 (victim: Anderson)." At the time the trial court accepted the guilty plea, Enright was asked what was her plea to the charge she "did unlawfully buy, receive, conceal, sell and withhold property which had been stolen knowing such property to be stolen . . . victim stipulated to be Anderson."

■ Enright first contends the record fails to supply a factual basis for the acceptance of her plea of guilty to the receiving stolen property charge, since the change of plea form does not refer to the element of defendant's knowledge the property was stolen. Assuming this issue is properly appealable as presented to us without a certificate of probable cause (§ 1237.5), it is devoid of merit. The above quoted statement in court, made before the plea was accepted, included adequate reference to the knowledge element. The trial court complied with the requirement it "cause an inquiry to be made of the defendant to satisfy itself . . . that there is a factual basis for such plea" (§ 1192.5).

The parties stipulated the police reports could be considered as the factual basis for the plea. The fact such reports are not shown by the record to have been specifically considered by the trial court is of no moment. The record fails to establish the trial court did not consider

---

[1]All statutory references are to the Penal Code unless otherwise specified.

the reports. The record reveals no error in establishing the factual basis for the plea.

Enright contends the trial court committed reversible error in sentencing by not adequately stating "the reasons for its sentence choice on the record at the time of sentencing" (§ 1170, subd. (c)).

At sentencing the trial court, by rule numbers only, cited a series of sentencing rules supporting a grant of probation ("Rule 414(c)(3), Rule 414(a), Rule 414(c)4, and Rule 414(d)(6)") and a series opposing such a grant ("Rule 414(c)(1), Rule 414(c)(2), Rule 414(c)(5), and Rule 414(c)(7)"). It then announced "the Rules in favor of a denial of probation preponderate over those in favor of granting probation," and denied probation. The trial court followed a similar pattern in choosing the particular prison term, saying in part: "Having read and considered the probation report and the statement in mitigation and the statements in aggravation, the statement in mitigation as filed by the probation department sets Rule 423(b)(2), but I would also supplement that I have considered Rule 423(b)(1) and I have considered an additional statement in mitigation, the diagnostic study information in support of your personal evaluation.

"As opposed to that, I have considered the statements in aggravation under Rule 421(a)(4), Rule 421(a)(8), and Rule 421(a)(9), Rule 421(a)(10), Rule 421(b)(1), and Rule (b)(4) [*sic*].

"In the Court's own mind, those statements in aggravation do in fact preponderate and, therefore, I will assign you the aggravated term of three years as to Count One to the Department of Corrections."

Considering the prison terms on the remaining two counts, the trial court first announced, unnecessarily (§ 1170.1, subd. (a)),[2] neither the statements in aggravation nor the statements in mitigation "preponderate" and, "therefore, you will be assigned the midterm." With regard to the type of sentencing, concurrent or consecutive, on the respective remaining counts, the court went on to say: "To determine whether those in fact should be served consecutive or concurrent, the Court deter-

---

[2]"The subordinate term for each consecutive offense which is not a 'violent felony' as defined in subdivision (c) of Section 667.5 shall consist of one-third of the middle term of imprisonment prescribed for each other such felony conviction for which a consecutive term of imprisonment is imposed, and shall exclude any enhancements." None of the offenses here was a "violent felony" within section 667.5, subdivision (c).

mines that Rule 425(a)(1) supports that the term should be served consecutive to the Count One term of three years and, therefore, you will be assigned to serve eight months of the midterm as to Count Two consecutive to Count One.

"...........................

"In determining whether that sentence would be served consecutively or concurrently, the Court has considered 425(a)(1), (a)(2), and (a)(3) and determines that they sufficiently preponderate to warrant that that case should be sentenced consecutively, and, therefore, you will be assigned to serve an additional eight months consecutive to the first two sentences."

This sentencing procedure does not comport with the law. ■ "A trial court commits reversible error in sentencing a defendant to the upper term without stating the facts and reasons for such sentence as mandated by [Penal Code] section 1170, subdivision (b), and California Rules of Court, rules 439(c) and 443." (*People* v. *Davis* (1980) 103 Cal.App.3d 270, 279-280 [163 Cal.Rptr. 22].) "What is strictly required, however, as set forth in California Rules of Court, rule 443, is that the judge 'state in simple language the primary factor or factors that support the exercise of discretion. . . .'" And, as stated in the advisory committee's comment to rule 443, 'The oral statement of reasons should be complete in itself. . . .'" (*People* v. *Mathews* (1980) 102 Cal.App.3d 704, 709 [162 Cal.Rptr. 615].) "The court (not counsel and not the probation office) had the responsibility to set out a statement of reasons. . . ." (*People* v. *Hernandez* (1979) 100 Cal.App.3d 637, 643 [160 Cal.Rptr. 607].) "Reasons for imposing consecutive terms, as well as aggravating base terms, must be *expressly* stated." (*People* v. *Whitehouse* (1980) 112 Cal.App.3d 479, 486 [169 Cal.Rptr. 199]; italics added.)

■ The recitation of numbers engaged in by the trial court here was essentially meaningless at the time it was given and does not constitute a statement of "the facts and reasons" (§ 1170, subd. (b)) or "the reasons" (§ 1170, subd. (c)) as required by the cited law. Though technically the number recitation procedure used here would permit meaningful review at a later date, it effectively deprives the parties of the opportunity to correct any misconceptions or errors at that time because the ability to do so would require ability to correlate instantaneously and accurately the rule numbers and letters to the rule language. Where possible such misconceptions or errors should be cor-

rected immediately. It is not reasonable to expect counsel and particularly not reasonable to expect the defendant receiving the sentence to do so when understandable reasons are not given. This case must be remanded for resentencing.

■ In connection with the resentencing, we point out there is no merit to Enright's contention the trial court should have stated a reason for denying a named private narcotic treatment program to which she might have been admitted had she been granted probation, or a CRC commitment (Welf. & Inst. Code, § 3051). There were statements in the probation report reflecting Enright had some involvement with narcotics use. We find no authority requiring a statement of reasons in these circumstances, nor is there good reason for imposing such a requirement (see *People* v. *Edwards* (1976) 18 Cal.3d 796 [135 Cal.Rptr. 411, 557 P.2d 995]). The Advisory Committee comment to rule 443 of the California Rules of Court states, "[n]either section 1170(c) nor these rules requires the judge to give reasons explaining why possible dispositions were rejected." Thus, even considering a CRC commitment is a sentence choice (see Cal. Rules of Court, rule 405(f); cf. *People* v. *Taylor* (1980) 112 Cal.App.3d 348, 366 [169 Cal.Rptr. 290]), failure to institute such a proceeding requires no statement of reasons.

■ Finally, Enright contends there was error in failing to inform her as part of the sentence she may be on parole for a period of time as provided in section 3000 (see § 1170, subd. (c)). In a case such as this, however, coming before the trial court upon a plea bargain where the change of plea form notes there could be 48 months of parole, there is no prejudice in failing to inform the defendant that as part of the sentence after expiration of the term she may be on parole for a period of time.

The matter is remanded for resentencing. In all other respects, the judgment is affirmed.

Staniforth, J., and Work, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied July 28, 1982.