[Crim. No. 5166. Fifth Dist. July 1, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
CHARLES STANLEY TIGNER, Defendant and Appellant.

**COUNSEL**

Roger S. Hanson for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Nancy Sweet and David De Alba, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**MARTIN, J.**\*—Appellant appeals his conviction of five counts of grand theft (Pen. Code, § 487, subd. 1). His principal contention is that the trial court failed to ascertain of appellant whether a factual basis existed for the pleas (Pen. Code, § 1192.5).

The facts are these:

Appellant was charged with 23 felony counts ranging from grand theft and conspiracy to forgery. Appellant entered a not guilty plea to each count and waived his right to a preliminary hearing. The case was set for arraignment in the superior court.

Pursuant to a plea bargain in the lower court, appellant entered a plea of nolo contendere to five counts of grand theft. The remaining counts were dismissed upon the prosecution's motion.

---

\*Assigned by the Chairperson of the Judicial Council.

Thereafter appellant, with new counsel, filed a motion to withdraw his previously entered plea of nolo contendere. This motion was denied. Appellant, with still another counsel, renewed his motion to withdraw his previous plea of nolo contendere. The lower court again denied the motion and ordered appellant to be placed with the Department of Corrections for a 90-day diagnostic evaluation. Upon his return, the lower court suspended imposition of sentence and placed appellant on probation for a period of two years upon condition that he serve 365 days in the county jail.

## I.

Appellant contends the trial court abused its discretion in denying his motion to withdraw his plea of nolo contendere. He argues that the trial court failed to inquire as to the factual basis of the charges at the time he entered his plea, thus violating Penal Code section 1192.5, which provides in pertinent part: "Upon a plea of guilty or nolo contendere to an accusatory pleading charging a felony ... [¶] ... [t]he court shall also cause an inquiry to be made of the defendant to satisfy itself that the plea is freely and voluntarily made, and that there is a factual basis for such plea."

After entry of the nolo plea, appellant moved to withdraw his plea because he was under the mistaken belief that he would be given a "work furlough" sentence and had not had the opportunity to completely confer with his attorney on all the issues contained in the case. After denial of this motion, appellant renewed his motion to withdraw his previous plea of nolo contendere. Citing Penal Code section 1016, appellant for the first time contended that the court erred when it failed to determine a factual basis which accurately supported appellant's plea.[1] Again, the court denied appellant's motion.

A review of the "Change of Plea" transcript shows that, indeed, the court below did neglect to obtain a factual basis for the plea from the appellant. At arraignment, counsel for appellant stated to the court that a plea bargain had been agreed to between appellant and the district attorney whereby the appellant would plead nolo contendere to counts I, X, XI, XVII and XX, and the district attorney would dismiss the re-

---

[1] Penal Code section 1016, subdivision 3, provides in relevant part that "The legal effect of such a plea shall be the same as that of a plea of guilty, but the plea and any admissions required by the court during any inquiry it makes as to the voluntariness of and factual basis for the plea may not be used by the defendant as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based."

maining counts. The district attorney confirmed the "bargain." The court then determined and advised appellant of the maximum possible term to which he could be sentenced and engaged appellant in a dialogue regarding the possible consequence of a change of plea and obtained a waiver of his rights. The court then stated, "There's a factual basis for the plea" without any further inquiry of appellant, his counsel, or the district attorney.

In addition, there were no documents before the court at that time, upon which the court could have relied to find a factual basis—for example, a preliminary hearing or grand jury transcript.

The leading authority construing the factual basis requirement of Penal Code section 1192.5 is *People* v. *Watts* (1977) 67 Cal.App.3d 173 [136 Cal.Rptr. 496].

In *People* v. *Watts, supra*, 67 Cal.App.3d 173, the defendant initially entered pleas of not guilty to charges of murder and attempted robbery. He then entered into a plea bargain with the district attorney, consented to by the court, resulting in his plea of guilty to second degree murder. The attempted robbery count was dismissed pursuant to the bargain. Before entry of the plea, the record demonstrated that the defendant in *Watts* affirmatively waived his privilege against self-incrimination, the right to trial by jury, and the right to confrontation by and cross-examination of witnesses. (*Id.*, at p. 177.) Thereafter, the defendant in *Watts* moved to withdraw his guilty plea. He contended that the trial court failed to inquire as to the factual basis for his plea of guilty pursuant to Penal Code section 1192.5. The motion was denied and Watts was sentenced to prison for the term prescribed by law. (*Ibid.*)

Analogizing to federal authority, the court recognized that the purpose of the requirement to make an inquiry on the record as to the factual basis before accepting a plea, is to "protect against the situation where the defendant, although he realizes what he has done, is not sufficiently skilled in law to recognize that his acts do not constitute the offense with which he is charged." (*Id.*, at p. 178.)

The court in *Watts* noted that the extent of the inquiry to provide the factual basis for a plea of guilty pursuant to Penal Code section 1192.5 must be left largely to the discretion of the trial judge. (*Ibid.*) The circumstances of each case will dictate the kind and amount of inquiry which is necessary. However, the court in *Watts* specifically held that

"In order to effect the purpose underlying the factual basis requirement of Penal Code section 1192.5, the trial judge *should develop the factual basis on the record*, for example, by having the accused describe the conduct that gave rise to the charge, or by making specific reference to those portions of the grand jury transcript or preliminary hearing transcript which provide a factual basis for the plea, or by eliciting information from the defense attorney or the district attorney." (*Id.*, at pp. 179-180, italics added.)

Quoting from a Florida Supreme Court case the court in *Watts* noted that a court could satisfy the factual basis inquiry by statements and admissions made by the defendant, his counsel, and the prosecutor, or by factual evidence heard or filed in the cause (i.e., preliminary hearings, motions to suppress, or depositions taken in the cause). Additionally, under appropriate circumstances, the presentence investigation report could be used to provide the factual basis to the trial court. (*Ibid.*)

"'These are not the exclusive means for a trial court to reach a determination. The trial court is free to utilize whatever procedure is best for the particular case before it to ensure that the defendant is entering a plea to the proper offense under the facts of the case. *But whatever method is employed, the court should indicate for the record the source of the factual information supporting the plea.*'" (*Ibid.*, italics added.)

The court in *Watts* also emphasized that the California Penal Code does not require the trial court to interrogate a defendant personally in an element by element manner about the factual basis for his guilty plea. "It is also clear that the court need not obtain general information about the crime directly from the defendant in order to establish the factual basis for the plea. A defendant need not admit culpability. He may, in fact, enter a plea of guilty even though he protests his innocence." (*Ibid.*)

In *Watts*, the sole reference in the record alluding to the facts of the case was a statement made by Watts' attorney immediately prior to the entry of the guilty plea. The attorney admitted that he had discussed the elements of the charges with his client and the possible defenses to those charges. Watts' attorney also admitted that he advised him of the law as it related to the facts of the case and advised him of the legal consequences of a guilty plea and that the possible punishment for his offense was from five years to life. (*Ibid.*) The court found such state-

ment insufficient to meet the requirements of Penal Code section 1192.5. Moreover, the failure of the trial court to make a *specific reference on the record* to other sources such as the grand jury transcript, which could have established a factual basis, was deemed error. (*Id.*, at p. 182.)

■ As the trial court in the instant case failed to make an on-the-record inquiry as to a factual basis for appellant's pleas, the trial court failed to comply with the factual basis requirement of Penal Code section 1192.5. (*People* v. *Watts, supra,* 67 Cal.App.3d 173.) We hold that a mere recitation by the court concluding "There's a factual basis" without developing the factual basis *on the record* is not sufficient to meet the requirements of Penal Code section 1192.5. (*Id.*, at p. 180.)

■ The next issue then, like in *Watts*, is whether, despite the error, there was sufficient information in the record before the court below to conclude the error was harmless. The court in *Watts* felt the error was harmless because the court had before it the grand jury transcript at the time the defendant made his guilty plea. The court also noted the presentence probation report made available to the trial court prior to pronouncement of judgment included a statement of the offenses and damaging admissions made by Watts. (*People* v. *Watts, supra,* 67 Cal.App.3d 173, 181-182.)

Unlike the *Watts* case, we have no grand jury or preliminary transcript here. We have only a presentence report in which appellant, again unlike *Watts*, denies any culpability. While the report does contain a summary of the underlying facts as to each of the five counts to which appellant entered his plea of nolo contendere, we conclude this report is insufficient to render harmless the lower court's failure to obtain a factual basis for appellant's plea as required by Penal Code section 1192.5. To hold otherwise would, in effect, nullify the mandatory language of the statute.

The judgment is reversed and remanded to the trial court with directions to permit appellant to withdraw his pleas of nolo contendere.

Zenovich, Acting P. J., and Hanson (P. D.), J., concurred.