[No. A052808. First Dist., Div. Four. Nov. 25, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
DENNIS V. McGUIRE, Defendant and Appellant.

COUNSEL

Paul R. Irish, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Joanne S. Abelson and Laurence K. Sullivan, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

PERLEY, J.—Pursuant to a negotiated disposition, defendant and appellant Dennis V. McGuire (appellant) pleaded guilty in the municipal court to being an ex-felon in possession of a firearm (Pen. Code, § 12021). Two other charges and an allegation of a prior felony conviction were dismissed. A condition of the plea was that appellant would be sentenced to state prison for the lower term of 16 months. The superior court sentenced appellant to *16 months in accordance with the negotiated disposition.*

■ Appellant contends that his motion to withdraw the guilty plea should have been granted because the municipal court failed to comply with the provisions of Penal Code section 1192.5 relating to the factual basis for the plea. This contention lacks merit.

The relevant portions of section 1192.5 are as follows: "Upon a plea of guilty or nolo contendere to an accusatory pleading charging a felony . . . . [¶] The court shall also cause an inquiry to be made of the defendant to satisfy itself that the plea is freely and voluntarily made, and that there is a factual basis for such plea."

Herein the record reveals that before the municipal court accepted appellant's plea, he was advised of the constitutional rights he would waive by so

pleading. Appellant indicated he understood those rights and expressly waived them. He was also advised of the consequences of his plea.

Regarding the subject in issue, the municipal court asked the attorneys, "[w]ill you stipulate that there is a factual basis for this plea?" Both counsel answered, "[s]o stipulated."

It appears that *People* v. *Watts* (1977) 67 Cal.App.3d 173 [136 Cal.Rptr. 496], was the first case to construe the above statutory language, because the court therein declared: "We find no California case which defines the nature and scope of the inquiry to be made by the trial court as to the factual basis for the plea under Penal Code section 1192.5." (*Id.* at p. 178.)

Various authorities cited with approval in the *Watts* case state: "The revision of Federal Rule 11 does not require a particular kind of inquiry, and the committee note thereto observes that the court may satisfy itself 'by inquiry of the defendant or the attorney for the government . . . .' " (*People* v. *Watts, supra,* 67 Cal.App.3d at p. 179, some quotation marks omitted.) The "court may satisfy itself by statements and admissions made by the defendant, his counsel, and the prosecutor . . . ." (*Id.* at p. 180, internal quotation marks omitted.) However, the *Watts* court concluded that a statement by defense counsel that he discussed the facts and law of the case with the defendant did not meet the requirements of section 1192.5. (67 Cal. App.3d at p. 180.)

*People* v. *Enright* (1982) 132 Cal.App.3d 631, 634-635 [183 Cal.Rptr. 249], held that the requirements of section 1192.5 were met by a stipulation of the parties that the police reports could be considered as the factual basis for the plea.

*People* v. *Tigner* (1982) 133 Cal.App.3d 430, 434 [184 Cal.Rptr. 61], reaffirmed the holding in *Watts* that "a court could satisfy the factual basis inquiry by statements and admissions made by the defendant, his counsel, and the prosecutor . . . ." It further held that the statutory requirements are not met by a mere recitation by the trial court that " '[t]here's a factual basis for the plea' without any further inquiry of appellant, his counsel, or the district attorney." (*Id.* at pp. 433, 435.)

On the basis of the above authorities we conclude that the requirements of the statute were met herein because the record discloses that the municipal court obtained an admission from the defense attorney and the prosecutor.

The judgment is affirmed.

Anderson, P. J., concurred.

**POCHÉ, J., Dissenting.**—Appellant contends that his motion to withdraw his guilty plea should have been granted by the trial court because the generalized stipulation by the prosecution and the defense counsel that there was a factual basis for the plea was inadequate to satisfy the requirements of Penal Code section 1192.5 (section 1192.5). I agree and thus respectfully dissent.

The relevant portion of section 1192.5 requires that: "Upon a plea of guilty or nolo contendere to an accusatory pleading charging a felony . . . . [¶] The court shall also cause an inquiry to be made of the defendant to satisfy itself that the plea is freely and voluntarily made, and that there is a factual basis for such plea."

In the case at bar, the following colloquy occurred: "[The Court]: Will you stipulate that there is a factual basis for this plea? [¶] [Defense Counsel]: So stipulated. [¶] [Prosecutor]: So stipulated, Your Honor." The issue before this court is whether that conversation fulfills the trial court's statutory duty to cause an inquiry of the defendant to satisfy itself that there is a factual basis for the plea.

The first case to construe the above quoted language of section 1192.5 was *People* v. *Watts* (1977) 67 Cal.App.3d 173 [136 Cal.Rptr. 496]. In *Watts*, defense counsel told the trial court: " 'We have discussed the elements of the charges against him and the possible defenses to those charges, and I have advised him of the law as it relates to the facts of his case. I have advised him of the legal consequences of a guilty plea to this charge and that the possible punishment for this offense is five years to life.' " (*Id.* at p. 180.) On appeal, the court, analogizing to rule 11 of the Federal Rules of Criminal Procedure,[1] held that such statement by defense counsel was not "sufficient to meet the requirements of Penal Code section 1192.5." (67 Cal.App.3d at

---

[1]One must be wary of *Watts*'s analogy to rule 11 because *Watts* did not make clear that rule 11 differs from section 1192.5 in at least one significant manner. Rule 11 states that the trial court must *personally address the defendant* to determine whether the guilty plea is made knowingly and voluntarily, but the rule contains *no* equivalent requirement that the trial court *personally address the defendant* when it is determining whether a factual basis for the plea exists. The relevant portion of rule 11(c) of the Federal Rules of Criminal Procedure provides: "Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands, the following: (1) the nature of the charge to which the plea is offered . . . ." Rule 11(d) states: "The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, determining that the plea is voluntary . . . ." Rule 11(f) states: "Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea."

Since 1966, rule 11 has required the court to personally address the defendant to determine that he understands the nature of the charge and that the plea is voluntary, but has not required

p. 180.) "The failure of the trial court to make specific reference to such factual basis must be deemed error." (*Id.* at p. 182.)

*Watts* recognized that the "purpose of the [factual basis] requirement is to protect against the situation where the defendant, although he realizes what he has done, is not sufficiently skilled in law to recognize that his acts do not constitute the offense with which he is charged." (*People* v. *Watts, supra,* 67 Cal.App.3d at p. 178.) "Inquiry into the factual basis for the plea ensures that the defendant actually committed a crime at least as serious as the one to which he is willing to plead." (*Ibid.*)[2]

*Watts's* view of the reason for the rule was followed in *People* v. *Tigner* (1982) 133 Cal.App.3d 430 [184 Cal.Rptr. 61]. *Tigner* held that "a mere recitation by the court concluding 'There's a factual basis' without developing the factual basis *on the record* is not sufficient to meet the requirements of Penal Code section 1192.5."[3] (*Id.* at p. 435.)

---

the court to personally address the defendant when it is determining the existence of a factual basis for the plea. (Fed. Rules Crim. Proc., rule 11, Notes of Advisory Com. on Rules; see also *Santobello* v. *New York* (1971) 404 U.S. 257, 261, fn. 1 [30 L.Ed.2d 427, 432, 92 S.Ct. 495].)

In contrast, section 1192.5 states: "The court shall also cause an inquiry to be made of the defendant to satisfy itself that the plea is freely and voluntarily made, and that there is a factual basis for such plea." This plain language clearly indicates that the court must cause an inquiry to be made of the *defendant* as to both the voluntariness of the plea and the factual basis supporting the plea.

Despite this rather stark difference between our statute and the federal rule which was not recognized by the *Watts* opinion in drawing the analogy, the *Watts* decision has been followed without hesitation for 14 years and is entitled to the deference of well-established precedent.

[2]Because rule 11 has a purpose identical to that of section 1192.5 (Fed. Rules Crim. Proc., rule 11, Notes of Advisory Committee on Rules; *Watts, supra,* 67 Cal.App.3d at pp. 178-179), it is useful to note that under rule 11, "generalized admissions or statements by a defendant's counsel [do not] meet the requirement that the court be satisfied that there is a factual basis for the plea . . . . Such generalized admissions or statements are totally inconsistent with the purposes of Rule 11 . . . ." (*United States* v. *Tucker* (4th Cir. 1970) 425 F.2d 624, 629; see also *Willett* v. *State of Ga.* (5th Cir. 1979) 608 F.2d 538, 541.)

[3]*Watts's* reasoning was also followed in *People* v. *Harvey* (1984) 151 Cal.App.3d 660 [198 Cal.Rptr. 858]. In *Harvey,* the "only expression of concern by the trial court over the existence of a factual basis was the court's inquiry of defense counsel as to whether a factual basis did exist, and that occurred after defendant had actually entered her guilty plea." (*Id.* at p. 666.) While reversing on other grounds the trial court's denial of defendant's motion to withdraw her guilty plea, the *Harvey* court noted the trial court's failure to develop a factual basis on the record. "[T]he purposes identified by the court in *People* v. *Watts* (1977) 67 Cal.App.3d 173 that are accomplished by requiring the trial court to develop the factual basis for the plea on the record, pursuant to section 1192.5, were not served in the instant case. Without such a factual basis, neither this court nor the trial court could satisfy itself that defendant understood the nature of the charges against her, that she understood her acts constituted the offense with which she was charged, and that she committed a crime at least as serious as the one to which she was willing to plead." (*Id.* at p. 671, fn. 3.)

However, the factual basis requirement of section 1192.5 is met when the parties stipulate that the court can consider a particular document—such as a police report—as the factual basis. (*People* v. *Enright* (1982) 132 Cal.App.3d 631, 634-635 [183 Cal.Rptr. 249].)

In summary, to comply with section 1192.5, the trial court must develop on the record specific facts supporting the plea. This allows the reviewing court to determine whether the factual basis relied upon by the trial court was sufficient. In *Watts*, the statement by the defense counsel was inadequate to serve this purpose because it was merely a general statement that he had discussed the facts with the defendant. Thus, there was nothing *in the record* that could establish a factual basis for the plea. In *Tigner*, the mere conclusory statement by the trial court that a factual basis existed clearly failed to establish specific facts on the record; in fact, it could hardly be considered an inquiry. In contrast, the stipulation in *Enright* was adequate because it specified that the factual basis could be found in a particular place (the police reports), as part of the record, and as such, the reviewing court could determine whether the factual basis itself was adequate to accept the defendant's plea.

In the case at bar, the prosecutor and the defense counsel stipulated that a factual basis for the plea existed. This general agreement is no more helpful in establishing a factual basis than were the statements which were rejected in *Watts* and *Tigner* as being statutorily inadequate. Such a stipulation reveals no more of a factual basis supporting the plea than the plea itself. Nor is this case analogous to the situation where the parties stipulate that certain documentary evidence in the record can serve as the factual basis for the plea. There is a significant distinction between a stipulation that a specific document can be considered as containing the factual basis, as in *Enright*, and a general stipulation that a factual basis simply exists, as we have here. The former provides a concrete set of facts in the record, which can be reviewed by the appellate court to determine its adequacy. The latter provides nothing to assure the appellate court or the trial court of the adequacy of the factual basis supporting the plea.

For these reasons, I find that the record does not contain anything that even remotely satisfies the factual basis requirement of section 1192.5 as interpreted by the case law.

The remaining question is whether the error in accepting the plea without a factual basis developed on the record is prejudicial. In *Watts*, the appellate court did not reverse because the superior court file contained the grand jury transcript, which the appellate court presumed was before the trial court. (67

Cal.App.3d at pp. 181-182.) *Watts* also noted that the presentence report, which contained admissions by the defendant, contained a sufficient factual basis. (*Ibid.*) In contrast, the only support for a finding of a factual basis in *Tigner* was the presentence report, which contained no admissions by the defendant. *Tigner* held that the presentence report was "insufficient to render harmless the lower court's failure to obtain a factual basis for appellant's plea as required by Penal Code section 1192.5. To hold otherwise would, in effect, nullify the mandatory language of the statute." (*People* v. *Tigner, supra,* 133 Cal.App.3d at p. 435.)

As in *Tigner*, there is nothing to support a factual basis for the plea in the case at bar other than a presentence report which contains no admissions by the defendant.[4] Section 1192.5 requires there be support for a factual basis for the plea in the record at the time the plea is accepted.[5] Therefore, I would, as *Tigner* requires, reverse and remand to the trial court with directions to permit appellant to withdraw his plea.

Appellant's petition for review by the Supreme Court was denied January 29, 1992. Mosk, J., was of the opinion that the petition should be granted.

---

[4]Although *Watts* implies that a presentence report could contain an adequate factual basis, that report would have to be part of the record when the trial court accepted the plea in order to render this error harmless. (See fn. 5, *post.*)

[5]The paragraph in section 1192.5 containing the factual basis requirement begins, "If the court approves the plea, it *shall* inform the defendant *prior to the making of that plea . . . .*" (Italics added.) The logical reading is that this time frame also pertains to the second sentence, which contains the factual basis requirement.