[No. F016137. Fifth Dist. June 1, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
FRANK DEE WILKERSON, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts I, I.A.2., I.B. and III.

**COUNSEL**

Jay E. Goodman, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Acting Assistant Attorney General, Margaret Garnand Venturi and Harry Joseph Colombo, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**THAXTER, J.**—On February 28, 1991, appellant Frank Dee Wilkerson was charged by criminal complaint filed in Kern County Municipal Court with multiple counts of child molestation. The victims were his 12-year-old granddaughter and her 12-year-old friend. Wilkerson was charged with five counts of lewd conduct by force with a child under fourteen, a violation of Penal Code[1] section 288, subdivision (b) (counts 1, 3, 5, 7, 10), five counts of oral copulation with a child under fourteen and more than ten years younger than himself, a violation of section 288a, subdivision (c) (counts 2, 4, 6, 8, 11), two counts of use of a minor in the production of sexual materials, a violation of section 311.4, subdivision (c) (counts 9 & 13), and one count of digital penetration by force in violation of section 289, subdivision (a) (count 12). The complaint also alleged as to counts 1, 3, 5, 7, and 10 that the offense was a serious felony pursuant to section 1192.7, subdivision (c)(6). Wilkerson entered pleas of not guilty on all counts.

On March 13, 1991, the preliminary hearing commenced in municipal court. After hearing the testimony of his granddaughter, Wilkerson entered no contest pleas to all counts except for count 10 which was conditionally dismissed with a *Harvey*[2] waiver in exchange for an agreement that the maximum sentence to be imposed would not exceed 40 years. The negotiated plea was accepted by the superior court on April 10, 1991.

On April 15, Wilkerson told the superior court he wished to withdraw his plea. The matter was returned to the municipal court for further proceedings. The motion to withdraw the plea was denied by the municipal court on May 13.

Wilkerson was returned to superior court for sentencing. On June 12, 1991, Wilkerson was sentenced to a total term of 40 years in state prison. He received a full, separate and consecutive term of six years each on counts 1, 3, 5, 7, 12; one-third the middle term of two years consecutive on counts 2, 4, 6, 8, and 11; and a concurrent midterm of two years on counts 9 and 13.

FACTS[3]

Wilkerson's pickup truck was repossessed and sold at auction. The truck's purchaser discovered sexually explicit photographs, several of which featured juvenile females, in the truck. The photographs were forwarded to the Kern County Sheriff's Department for further investigation.

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

[2] *People* v. *Harvey* (1979) 25 Cal.3d 754 [159 Cal.Rptr. 696, 602 P.2d 396].

[3] The facts are taken from the sheriff's investigative reports, which the parties stipulated provided a factual basis for the plea.

Sheriff deputies interviewed Wilkerson's 12-year-old granddaughter M. M. told the officers that her grandfather had molested her and her 12-year-old friend N. over the past two years. M. stated the incidents occurred on the fairly frequent occasions when the two girls were left in Wilkerson's care. M. stated that on more than five but less than ten times, Wilkerson had her orally copulate and/or masturbate him. M. recalled specific occasions during which both N. and M. were present and described the specific acts committed on each occasion. M. stated in addition to the times when she and N. were together, on several occasions Wilkerson would take her alone in his truck along dirt country roads and have her orally copulate him. M. identified herself in several of the photos found in the pickup truck. When asked why she engaged in this activity, M. stated Wilkerson would spoil her and give her what she wanted if she did as he asked. She also stated she was afraid of Wilkerson who drank a lot and would become violent when drinking. M. adamantly denied having sexual intercourse with her grandfather and said nothing else happened. She later admitted he tried to grab and "tickle" her vagina. On these occasions, M. would pull away from him and tell him to stop. M. also said that while the girls were visiting Wilkerson, he would put on "nasty" videos and "play with himself."

The officers also interviewed N. N. was the daughter of Wilkerson's girlfriend, and during some of the period in which the molestations occurred, N. lived with her mother and Wilkerson. N. told the officers she had been molested by Wilkerson more than five but less than ten times when she and M. visited Wilkerson. N. also described specific acts which occurred on specific occasions. N. said if she and M. did what Wilkerson asked, he would take M. and her places. On two occasions Wilkerson offered the girls money to masturbate and/or orally copulate him. After some reluctance, N. admitted Wilkerson took pictures of her and M. in sexually explicit poses and identified herself and M. in several of the pictures found in the pickup truck. N. also admitted taking one of the pictures, one of Wilkerson with his penis exposed. N. said the first incident of molest started when she was 10 years old. She said the last occurred when she was 12 years old (in 1990).

N. further stated these things would happen when Wilkerson was drinking and that when he was drinking he was violent. She said she was frightened of Wilkerson. N. told officers she and M. watched nasty videos when visiting Wilkerson and that on these occasions Wilkerson would have the girls "play with him." N. also adamantly denied having intercourse with Wilkerson. When shown the picture of Wilkerson having sex with a child, N. stated it was not her. N. remembered on one occasion Wilkerson came to her while she was sitting down and placed his penis on her leg, telling N. to "play with this." N. said no but Wilkerson got her head and pushed it toward his penis.

After being arrested and *Mirandized*,[4] Wilkerson admitted he had taken sexually explicit pictures of N. He also admitted having the girls masturbate and orally copulate him. He denied any penetration. He said N. is "twenty years older than her time" and that N. was "curious." In describing several occasions, Wilkerson claimed the girls were the aggressors or had asked him to do the sexual acts. He said no one forced anyone to do anything.

## DISCUSSION

### I. MOTION TO WITHDRAW PLEA*

. . . . . . . . . . . . . . . . . . . . . . .

### A. SUFFICIENCY OF FACTUAL BASIS

Section 1192.5 requires a trial court to determine by independent inquiry, before accepting a plea of guilty or nolo contendere to a felony offense, whether there exists a factual basis for the plea. The purpose behind the inquiry is to " 'protect against the situation where the defendant, although he realizes what he has done, is not sufficiently skilled in law to recognize that his acts do not constitute the offense with which he is charged.' " (*People* v. *Tigner* (1982) 133 Cal.App.3d 430, 432-433 [184 Cal.Rptr. 61]; *People* v. *Watts* (1977) 67 Cal.App.3d 173, 178 [136 Cal.Rptr. 496]; see also *North Carolina* v. *Alford* (1970) 400 U.S. 25, 38, fn. 10 [27 L.Ed.2d 162, 171-172, 91 S.Ct. 160]; 3 ABA Standards for Criminal Justice, std. 14-1.6 (2d ed. 1980) p. 14.32.)

The extent of the inquiry must be left to the discretion of the trial court, but it should develop the factual basis on the record. (*People* v. *Watts, supra,* 67 Cal.App.3d at pp. 179-180.) The trial court should ask the accused to describe the conduct that gave rise to the charge, make specific reference to those portions of the record providing a factual basis for the plea, or elicit information from either counsel. (*People* v. *Tigner, supra,* 133 Cal.App.3d at p. 434.) If the trial court fails to make an on-the-record inquiry as to the factual basis for the plea, the appellate court is free to review the record and determine whether the error is harmless, i.e., whether the record contains sufficient information to ensure the defendant committed the acts to which the plea was entered. (*Id.* at p. 435.)

In this case appellant entered his plea of nolo contendere at the preliminary hearing, after M. gave testimony. The plea was conditional on his

---

[4]*Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974].

*See footnote, *ante*, page 1571.

receiving a sentence of no more than 40 years and on the dismissal of count 10 (one of the § 288, subd. (b) charges). Apparently M.'s testimony at the preliminary hearing disturbed appellant and he did not want the girls to have to testify further. The proceedings recessed for lunch and appellant entered his plea when court resumed. After giving appellant his advisements and accepting his waivers, the trial court asked whether counsel would stipulate that a factual basis for the plea existed. The public defender answered, "So stipulated, your Honor, based on the police reports included in the complaint."[5] The district attorney joined in the stipulation and the court stated it would accept the stipulation and find a sufficient factual basis for the plea. At appellant's next court appearance in superior court, he stated he wished to withdraw his plea. At that time the public defender was relieved and private counsel appointed. The matter was returned to municipal court where appellant moved to withdraw his plea. In that motion appellant specifically claimed insufficiency of a factual basis as to the lewd conduct by force, violence, or duress charges (counts 1, 3, 5, and 7) and the penetration with foreign object charge (count 12). He raises the same issues on appeal.

A recent decision by a divided panel of the First Appellate District held a generalized stipulation by counsel that a factual basis exists is sufficient under section 1192.5. (*People* v. *McGuire* (1991) 1 Cal.App.4th 281 [1 Cal.Rptr.2d 846].) The majority opinion does not address the facts of the case. The dissenting justice opined that a generalized stipulation "reveals no more of a factual basis supporting the plea than the plea itself" and concluded that the record in *McGuire* did not contain any specific facts from which the adequacy of the factual basis could be determined. (*Id.* at p. 286 (dis. opn. of Poché, J.).)

We are not required to decide whether a generalized stipulation, without more, is sufficient to satisfy the requirement of section 1192.5 that the court "cause an inquiry to be made." The stipulation entered by the parties below was not generalized but referred the municipal court, and us, to a particular source of information, namely, police reports. In this respect this case resembles *People* v. *Enright* (1982) 132 Cal.App.3d 631 [183 Cal.Rptr. 249]. The *Enright* court found no error when the parties stipulated the police reports could be considered as the factual basis for a guilty plea, even though the record did not affirmatively show that the reports were specifically considered by the court. (*Id.* at p. 634.) Although we would prefer that the court expressly refer to the specific facts which it finds sufficiently support the plea, we will not find error simply from the failure to do so, as long as adequate information was before the court and is reflected in the record.

---

[5] The police reports were not "included in the complaint." They were, however, lodged with the court before the preliminary hearing and are part of the record on appeal.

Thus, we will turn to the police reports which are in the record and were lodged with the municipal court before the preliminary hearing.[6]

Appellant contends there are two factual deficiencies in the police reports. First, he contends there is no evidence of force or duress which would justify conviction under section 288, subdivision (b) as opposed to section 288, subdivision (a). Second, he contends there is no evidence of penetration by force with a foreign object.

### 1. *Force or Duress*

Section 288, subdivision (b) requires the use of force or duress which distinguishes this offense from the one proscribed in section 288, subdivision (a). Section 288, subdivision (a) makes criminal any lewd and lascivious act with a child under the age of 14. Section 288, subdivision (b) prescribes a separate violation when the act is committed using force or duress. The prison terms for the two violations are identical. However, a violation of section 288, subdivision (b) constitutes a violent felony under section 667.6 which mandates a substantial sentence enhancement and authorizes the full separate consecutive terms comprising the bulk of appellant's 40-year prison term. (*People* v. *Hecker* (1990) 219 Cal.App.3d 1238, 1249 [268 Cal.Rptr. 884].)

 Respondent correctly asserts there need not be evidence of each element of the offense charged. Nor does the factual basis requirement obligate the court to resolve all contradictory evidence or be convinced beyond a reasonable doubt the defendant is guilty. (*People* v. *Watts*, *supra*, 67 Cal.App.3d at p. 179.) The purpose of the inquiry is to corroborate what the defendant already admits. (*Ibid.*)

 Appellant claims the record reveals no use of force, violence or duress in performing any of the sexual acts which form the basis of the charges, but rather shows the offenses were "accomplished by request and reward" to the victims.

 The leading case which defines "duress" in this context is *People* v. *Pitmon* (1985) 170 Cal.App.3d 38 [216 Cal.Rptr. 221]. The court in *Pitmon* held "duress" is properly defined in section 288, subdivision (b) cases as meaning "a direct or implied threat of force, violence, danger, hardship or

---

[6]The municipal court judge did hear testimony by M. before appellant decided to change his plea. M.'s testimony, however, is not a part of the appellate record. For that reason, and because the parties' stipulation referred only to the police reports, we will not speculate that M. testified to facts sufficient to establish a factual basis for the plea.

retribution sufficient to coerce a reasonable person of ordinary susceptibilities to (1) perform an act which otherwise would not have been performed or, (2) acquiesce in an act to which one otherwise would not have submitted." (170 Cal.App.3d at p. 50.)

■ There is no indication of direct threats of violence, hardship or retribution in this case. Implied threats, however, may also create duress within the accepted definition. ■ In *Pitmon*, the court stated that "[t]he total circumstances, including the age of the victim, and his relationship to defendant are factors to be considered in appraising the existence of duress." (170 Cal.App.3d at p. 51.) The *Pitmon* court found sufficient evidence of duress notwithstanding the victim's testimony that no force or threats were involved. "We note that at the time of the offenses, [the victim] was eight years old, an age at which adults are commonly viewed as authority figures. The disparity in physical size between an eight-year-old and an adult also contributes to a youngster's sense of his relative physical vulnerability." (*Ibid.*)

In *People* v. *Sanchez* (1989) 208 Cal.App.3d 721 [256 Cal.Rptr. 446], the Fourth Appellate District followed *Pitmon* and rejected the appellant's contention that evidence of duress was lacking in his trial for violating section 288, subdivision (b) repeatedly over a three-year period. The court noted that when the offenses began, the victim was eight years old and viewed the defendant, her grandfather, as a father figure. (208 Cal.App.3d at pp. 747-748.)

Appellant relies on a later Fourth Appellate District case, *People* v. *Hecker, supra,* 219 Cal.App.3d 1238. In *Hecker,* the issue was also the sufficiency of the evidence of force in a section 288, subdivision (b) conviction. The victim was the 12-year-old stepdaughter of the defendant. The evidence established that the defendant had sexually molested the victim on several occasions over the course of several years. The court concluded the evidence was insufficient to support a finding of force or duress. "Although [the victim] stated she felt 'pressured psychologically' and 'subconsciously afraid,' there was no evidence Hecker was aware of and sought to take advantage of such fear. (See *People* v. *Bergschneider* [1989] 211 Cal.App.3d [144,] 154, fn. 9 [259 Cal.Rptr. 219].) 'Psychological coercion' without more does not establish duress. At a minimum there must be an implied threat of 'force, violence, danger, hardship or retribution.' " (*People* v. *Hecker, supra,* 219 Cal.App.3d at pp. 1250-1251.)

■ We turn now to the circumstances surrounding the sexual acts as shown in the police reports, mindful that we are not looking for evidence

sufficient to support a conviction in a trial after a not guilty plea. Instead, we are seeking to determine whether the reports contain sufficient information upon which the trial court could conclude there was a prima facie factual basis for the charges. (*People* v. *Calderon* (1991) 232 Cal.App.3d 930, 935 [283 Cal.Rptr. 833].)

The reports indicate the molestations began when each of the victims was nine or ten years old[7] and occurred with frequency over a period of about two years. M. was appellant's natural granddaughter and spent nearly every weekend with him. N. was the daughter of appellant's girlfriend and during portions of the two-year period, N. lived with appellant and her mother. M.'s statement to the police contained references to appellant's having "made" her engage in various sex acts. N. told the police that appellant took pictures of her and he "forced" her to do "other things." Both girls told the police they were afraid of appellant because he drinks a lot and is violent when drunk. N. said that he would "do these things" to her when he was drunk. M. said she was afraid that if she did not comply with what appellant wanted he would hurt her in some way.

Appellant emphasizes those portions of the statements referring to his having "spoiled" the girls by giving them money, taking them places, and otherwise rewarding them for gratifying his desires. This factor, however, does not necessarily exclude the possibility of duress. Desire for reward and fear of punishment may coexist. A person, particularly a child, might act from dual motivations—to receive a reward *and* to avoid harm. As long as the total circumstances support an inference that the victims' participation was impelled, at least partly, by an implied threat, we do not think the factual basis is eliminated by evidence of other motivating factors.

Viewing the statements in their entirety, we believe the municipal court could reasonably conclude that the acts committed by appellant, who occupied a position of authority as to each victim, occurred against a background of his drinking and violence, that the circumstances suggested an implied threat of harm if the girls refused appellant's advances, and that the girls acted, at least partly, from fear induced by the implied threat. The court's finding of a factual basis for the plea to counts 1, 3, 5, and 7 is supported by the record.

---

[7]At the sentencing hearing appellant testified that M. was eight or nine years old when he first sexually assaulted her and that N. was nine or ten at the time of the first offense involving her.

2., B.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## II. SECTION 288.5

■ Appellant contends he should have been charged under section 288.5, the resident child molester statute, and that the prosecution was required to charge him solely under this section. We disagree.

First, appellant waived any challenge to the appropriateness of the charges against him when he entered his plea. By his plea, appellant demonstrated he was prepared to admit each element of the offenses with which he was charged. (See *People* v. *West* (1970) 3 Cal.3d 595, 612 [91 Cal.Rptr. 385, 477 P.2d 409]; *People* v. *Hunt* (1985) 174 Cal.App.3d 95, 107 [219 Cal.Rptr. 731]; *People* v. *Sabados* (1984) 160 Cal.App.3d 691, 695 [206 Cal.Rptr. 799].) No challenge to the appropriateness of the charged offenses survives.

Second, as respondent has correctly argued, section 288.5 was passed in response to the problems of proof encountered by prosecutors when prosecuting resident child molesters. (*Review of Selected 1989 California Legislation* (1989) 21 Pacific L.J. 412; Stats. 1989, ch. 1402, § 1.) Section 288.5 provides a vehicle for prosecuting resident child molesters if specific acts of sexual abuse at a particular time cannot be proven. (See *People* v. *Van Hoek* (1988) 200 Cal.App.3d 811, 818 [246 Cal.Rptr. 352], disapproved by *People* v. *Jones* (1990) 51 Cal.3d 294, 322 [270 Cal.Rptr. 611, 792 P.2d 643].) It is not, nor was it intended to be, a limit on prosecutorial discretion in determining how a particular defendant is to be charged. It was certainly not intended, as appellant contends, to reduce the punishment for the acts to which appellant pleaded. Moreover, section 288.5 does not supplant all of the requirements of the general criminal statutes governing sexual molestation of children. (See *People* v. *Cohen* (1976) 59 Cal.App.3d 241, 247 [130 Cal.Rptr. 656]; *People* v. *Barrowclough* (1974) 39 Cal.App.3d 50, 55 [113 Cal.Rptr. 852].) Thus, the general child molestation statutes remain viable charging options for prosecutors in cases such as this.

## III. SENTENCING ISSUES*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The judgment of conviction on count 12 is reversed. The entire matter is remanded with directions to transfer the case to the municipal court to give

*See footnote, *ante,* page 1571.

the prosecution an opportunity to establish a factual basis for the nolo contendere plea to count 12. If the prosecution successfully does so, the matter shall be retransferred to the superior court, the judgment of conviction on count 12 shall be restored, and the appellant shall be resentenced. If the prosecution does not establish a factual basis for count 12, the court shall allow appellant to withdraw his plea to count 12. In such event the People shall then be given an opportunity to withdraw from the entire plea bargain and proceed accordingly. If the nolo contendere plea to count 12 is withdrawn, and if the prosecution elects not to withdraw from the plea bargain on the remaining counts, the judgment of conviction on counts 1 through 9, inclusive, 11 and 13 is affirmed. The matter shall be retransferred to the superior court for further proceedings, including resentencing.

Best, P. J., and Stone (W. A.), J., concurred.