[No. H013406. Sixth Dist. Oct. 5, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
MICKEY MICKENS, Defendant and Appellant.

## COUNSEL

Jeffrey M. Evans, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Donna B. Chew and Ann K. Jensen, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

ELIA, J.—When a defendant enters a conditional plea of guilty, what must a trial court do to comply with Penal Code section 1192.5? Is counsels' stipulation to a factual basis for the plea sufficient? And if not, is the error harmless? These are the issues before us in this case.

Appellant Mickey Mickens appeals his conviction, contending that he should have been allowed to withdraw his guilty plea. He argues it was taken in violation of Penal Code section 1192.5;[1] that counsels' stipulation to a factual basis was inadequate to comply with the statute, and that there was no adequate factual basis in the record. Respondent argues that counsels' stipulation was sufficient, and that a factual basis for the plea existed in the record.

We conclude that the trial court acted within its discretion in denying appellant's motion to withdraw. While it would have been better for the court to have placed on the record the factual basis for the guilty plea, rather than accepting counsels' stipulation, it appears that had counsel not stipulated, a factual basis for the plea could have been readily established. We therefore conclude any error was harmless. We will therefore affirm the judgment of conviction.

### Factual and Procedural Background

The facts of this offense are taken from the probation report. These, in turn, come from a Mountain View Police Department report which is not part of the appellate record. The probation report states that "on November 3, 1993, at approximately 6:30 p.m., a paid professional confidential, reliable informant purchased approximately .3 grams of cocaine base from the defendant at a Mountain View hotel. [¶] The informant entered the hotel looking for someone who would sell cocaine base. The informant located the defendant who was a resident of the hotel. In the police report, it was noted the radio wire was not clear; however, they believed the defendant asked the informant if he was looking for anything (in reference to drugs). The informant apparently said he was looking for a '20' (referring to $20 worth

---

[1] All further section references are to the Penal Code unless otherwise noted.

of cocaine base). The defendant said he would do so, and the informant gave the defendant $20 in prerecorded funds. The defendant left the hallway area while the informant waited near a pay phone. A few minutes later, the defendant returned and they both proceeded to the defendant's room in the hotel. The defendant gave the informant the cocaine base and asked for some. Officers note the wire was clear in the informant's statements to the defendant which apparently indicated the cocaine was not for him. [¶] It was also noted a separate confidential, reliable informant had previously told officers an individual described as the defendant was involved in the drug activity at the hotel." Subsequent analysis showed one rock of cocaine with a net weight of .19 grams.

Appellant denied selling cocaine to the informant or helping him acquire it. He claimed the informant was upset with him because he would not let him in his room at the hotel, and the informant made the allegation against appellant a few days later. He admitted sporadic cocaine use, but usually only what friends gave him. The informant had from time to time provided him with cocaine: they occupied adjacent rooms in the hotel, and the informant did not want to smoke it in his own room, which was next to the office, so he would offer to share a small quantity with appellant.

On February 1, 1994, a felony complaint was filed charging appellant with offering to sell, and selling cocaine base (Health & Saf. Code, § 11352, subd. (a)). On July 21, he entered a guilty plea to this charge on the condition that no state prison sentence be imposed. Counsel stipulated to a factual basis for the plea.

Appellant then moved to withdraw his plea, on the grounds that he was under "considerable mental stress and anxiety" at the time of the plea, and that the record failed to demonstrate a sufficient factual basis for the plea. The matter was remanded to municipal court and the motion was heard on October 3.

At this hearing, appellant testified he spoke to his attorney before he entered his plea and told him that he and the informant had smoked some cocaine that day, but he had denied selling cocaine to the informant. Defense counsel had advised his client that it was his word against the informant's, that the jury was likely to believe the informant, and that his chances of winning a jury trial were tantamount to nil. He therefore advised his client to accept the plea bargain. Appellant was aware that he could be convicted on the informant's testimony, and would face a longer sentence if he were convicted. In spite of this risk, he wished to withdraw his plea.

Appellant also testified that he had spoken to his attorney twice before the plea hearing. The attorney had communicated the plea bargain to his client at

their second meeting. On the day of the plea hearing, appellant spoke to counsel only for a couple of minutes. Immediately following the hearing, he decided he should not have pled guilty, and decided to move to withdraw his plea. Counsel did not use threats or force to induce appellant's plea. His exposure at the time he entered the plea was five years' imprisonment; the plea bargain he accepted was for no state prison, up to one year in county jail. He understood that at the time he entered the plea.

The trial court denied the motion to withdraw on October 11. Appellant received a suspended sentence of 10 months in county jail on November 15, 1994. This appeal ensued.

### *Discussion*

■ Appellant argues the trial court erroneously denied his motion to withdraw his plea: he contends his plea was taken in violation of section 1192.5, and that counsels' stipulation was inadequate to satisfy the statute's requirements. He also contends there was no adequate factual basis for his plea.

### I. *Motion to Withdraw*

■ Section 1018 provides that, ". . . On application of the defendant at any time before judgment . . . the court may, . . . for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted." Good cause must be shown for such a withdrawal, based on clear and convincing evidence. (*People* v. *Nance* (1991) 1 Cal.App.4th 1453, 1456 [2 Cal.Rptr.2d 670].) The decision whether to allow a defendant to withdraw a guilty or no contest plea is discretionary, and an appellate court will not disturb it absent a showing the trial court has abused its discretion. (*Ibid.; In re Brown* (1973) 9 Cal.3d 679, 685 [108 Cal.Rptr. 801, 511 P.2d 1153].)

■ Appellant alleged two separate grounds for this withdrawal in the trial court; that he was under mental stress, and that the record failed to demonstrate a factual basis for his guilty plea. The trial court's denial of the motion implies a finding that appellant failed to make an adequate showing on either ground. On appeal, he maintains only his factual basis argument. We proceed to examine this issue.[2]

---

[2]Were we to examine the other ground, we would have no difficulty affirming the trial court's implied determination that appellant failed to make a showing, by clear and convincing evidence, that the plea was involuntary because it was made under duress, or as a result of force or threats of any kind.

## II. *Section 1192.5*

In *People v. Hoffard* (1995) 10 Cal.4th 1170 [43 Cal.Rptr.2d 827, 899 P.2d 896], the California Supreme Court addressed the issue of whether section 1192.5 requires a court to satisfy itself that there is a factual basis for an admission. There, counsel stipulated to a factual basis for defendant's admissions to allegations of substantial sexual conduct with the victim; here, counsel stipulated to a factual basis for appellant's guilty plea.

In *Hoffard*, this court had concluded that counsel's stipulation was insufficient to comply with the requirements of section 1192.5. The Supreme Court disagreed, concluding that the statute only applies to "negotiated pleas specifying the punishment to be imposed." (10 Cal.4th at p. 1174, italics omitted.) Since Hoffard's plea was unconditional, the statute was inapplicable. Appellant here, however, entered his guilty plea on the condition he receive no state prison term.

"Conducting a factual basis inquiry before accepting or entering judgment on a guilty plea may further important interests," noted the court. (10 Cal.4th at p. 1183.) The first of these is the constitutional standard that the plea " ' "represents a voluntary and intelligent choice." ' " (*Ibid.*, quoting *North Carolina* v. *Alford* (1970) 400 U.S. 25, 31 [27 L.Ed.2d 162, 167-168, 91 S.Ct. 160].) "Although not itself constitutionally compelled, a factual-basis inquiry may help to ensure the constitutional standards of voluntariness and intelligence are met. . . ." (10 Cal.4th at p. 1183, fn. 11.)

The statutory requirement assumes "particular importance" to this constitutional interest, noted the court when, as in this case "the defendant's plea of guilty is coupled with a contradictory claim of innocence." (10 Cal.4th at p. 1183, fn. 11.) The practice also "further[s] important interests . . . includ[ing] protecting against the entry of a plea by an innocent defendant and making a record against possible appellate or collateral attacks on the plea." (*Id.* at p. 1183, citing *People* v. *Watts* (1977) 67 Cal.App.3d 173, 178 [136 Cal.Rptr. 496] and Barkai, *Accuracy Inquiries for All Felony and Misdemeanor Pleas: Voluntary Pleas But Innocent Defendants?* (1977) 126 U.Pa. L.Rev. 88, 95.)

We conclude section 1192.5's mandate applies here; appellant's guilty plea was conditional, and he claimed he was innocent of the charge. We thus turn to the question of whether counsels' stipulation to a factual basis satisfies the statutory requirement and, if not, whether the existence of a factual basis in the record renders the trial court's failure to comply with section 1192.5 harmless.

III.  *Adequate Factual Basis*

The issue of what constitutes an adequate factual basis for a plea first surfaced in *People* v. *Watts, supra,* 67 Cal.App.3d 173, which noted that no previous California case had construed the "nature and scope of the inquiry which must be made by the trial court as to the factual basis for a plea . . . ." (*Id.* at p. 178.) *Watts* held that a trial judge should develop the factual basis on the record, "for example, by having the accused describe the conduct that gave rise to the charge, or by making specific reference to those portions of the grand jury transcript or preliminary hearing transcript which provide a factual basis for the plea, or by eliciting information from the defense attorney or the district attorney." (*Id.* at pp. 179-180.) *Watts* noted that a defendant may "enter a plea of guilty even though he protests his innocence" and held it unnecessary for a trial court to interrogate a defendant personally. (*Id.* at p. 180.)

*Watts* determined that defense counsel's statement, which made no reference to a factual basis for the plea, was inadequate, but proceeded to review the grand jury transcript which, it determined, provided an ample factual basis for the charges. (67 Cal.App.3d at pp. 182-183.) The *Watts* court concluded, therefore, that any error was harmless, and that the trial court's denial of defendant's motion to withdraw his plea was not an abuse of discretion. (*Id.* at p. 182.)

In *People* v. *Enright* (1982) 132 Cal.App.3d 631 [183 Cal.Rptr. 249], defendant argued the record did not establish a factual basis for the trial court's acceptance of her guilty plea to a charge of receiving stolen property (§ 496, subd. 1). The parties stipulated the police reports could be considered as the factual basis for this plea. The appellate court held that since the record failed to establish that the trial court did *not* consider these reports, a factual basis had been established. (132 Cal.App.3d at pp. 634-635.)

In *People* v. *Tigner* (1982) 133 Cal.App.3d 430 [184 Cal.Rptr. 61], defendant moved to withdraw his guilty plea on the grounds that the trial court had failed to establish a factual basis for the charges. (*Id.* at p. 432.) The appellate court agreed that the trial court had made no inquiry as to the factual basis for the plea, and that no documents were before it which could have established such a basis. (*Id.* at p. 433.) *Tigner*, like *Watts*, then examined the record to determine if this error was harmless. Since the record contained only a presentence report in which the defendant denied culpability, and no preliminary hearing or grand jury transcripts, the appellate court concluded the error was not harmless, and reversed with directions to allow defendant to withdraw his plea. (*Id.* at p. 435.)

In *People* v. *Calderon* (1991) 232 Cal.App.3d 930 [283 Cal.Rptr. 833], the appellate court held that a prima facie factual basis for defendant's plea to an attempted murder charge was established by his admission that he intended to kill the victim. The trial court was not required, in addition, to determine whether the defendant acted with malice, since in the absence of an affirmative defense, malice is presumed. (*Id.* at pp. 934-935.)

In *People* v. *McGuire* (1991) 1 Cal.App.4th 281 [1 Cal.Rptr.2d 846], counsel stipulated to a factual basis for the plea. A divided appellate court held this stipulation sufficient, per se, to meet the statutory requirement. (*Id.* at p. 283.)[3] The dissenting opinion in *McGuire* argued that counsels' stipulation to a factual basis was inadequate to satisfy the statutory requirement, however. (*Id.* at p. 284.)

And in *People* v. *Wilkerson* (1992) 6 Cal.App.4th 1571 [8 Cal.Rptr.2d 392], the Fifth Appellate District held that the trial court "should develop the factual basis on the record." (*Id.* at p. 1576.) If the trial court fails to make such an inquiry, an appellate court is "free to review the record and determine whether the error is harmless . . . ." (*Ibid.*) The *Wilkerson* court took pains to distinguish the generalized stipulation in *McGuire* from that in *Wilkerson*, which referred to police reports as the factual basis for the charges. (*Id.* at p. 1577.) Comparing the case before it to *People* v. *Enright*, *supra*, 132 Cal.App.3d 631, the court noted that *Enright* "found no error when the parties stipulated the police reports could be considered as the factual basis for a guilty plea, even though the record did not affirmatively show that the reports were specifically considered by the court. [Citation.] Although we would prefer that the court expressly refer to the specific facts which it finds sufficiently support the plea, we will not find error simply from the failure to do so, as long as adequate information was before the court and is reflected in the record." (6 Cal.App.4th at p. 1577.) The appellate court then proceeded to review the police reports and concluded that their contents supported the trial court's factual basis finding. (*Id.* at p. 1580.)

■ Like *Wilkerson*, we conclude that when trial counsel stipulates to a factual basis for a plea, but appellate counsel claims the plea lacks an adequate factual basis, an appellate court may review the record to determine it if it meets the factual basis requirement. ■ In this case, respondent

---

[3]This holding was cited in *In re Alvernaz* (1992) 2 Cal.4th 924, 940, footnote 9 [8 Cal.Rptr.2d 713, 830 P.2d 747], where the Supreme Court noted, as had *People* v. *Watts*, *supra*, 67 Cal.App.3d 173, that "an accused's claim of innocence does not preclude entry of a guilty or nolo contendere plea where the court taking the plea ascertains a 'factual basis' therefor."

claims the probation report established a factual basis for the plea. We have detailed the contents of that report, *supra*, and we agree that they could have supported a factual basis finding.

In light of this, we also conclude that while the better practice would have been for the trial court to "[attempt] to ensure the existence of a factual basis" for this guilty plea (*People* v. *Hoffard, supra,* 10 Cal.4th at p. 1184), any error in failing to place these facts on the record was harmless in this case. (*People* v. *Wilkerson, supra,* 6 Cal.App.4th at p. 1576; *People* v. *Tigner, supra,* 133 Cal.App.3d at p. 435; *People* v. *Watts, supra,* 67 Cal.App.3d at p. 182.)

Since we conclude an adequate factual basis for the plea could have been established, and that the trial court's failure to comply with the dictates of section 1192.5 was harmless error, we also conclude the trial court acted within its discretion in denying appellant's motion to withdraw his guilty plea. (*People* v. *Nance, supra,* 1 Cal.App.4th 1453; *In re Brown, supra,* 9 Cal.3d 679.)

*Disposition*

The judgment of conviction is affirmed.

Premo, Acting P. J., and Mihara, J., concurred.