972 F.2d 1337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert L. BRAY, Jr., Petitioner-Appellant,
v.
DEP'T OF CORRECTIONS; Attorney General of California;
Gardena Parole Dep't, Respondents-Appellees.
 No. 91-55527.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 17, 1992.*
Decided Aug. 26, 1992.
 
 Before WILLIAM A. NORRIS, REINHARDT and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert L. Bray appeals pro se the district court's denial of his petition for habeas corpus. He makes numerous claims, none of which has merit. We have jurisdiction, and we affirm.
 
 
 3
 Bray's central claim is that the state sentencing court violated Cal.Penal Code § 1170(c) (West 1985) by failing to advise him at sentencing that he would be subject to three years of parole, with the possibility of revocation, after serving his sixteen month sentence. Bray concedes he properly was advised during the hearing on his guilty plea.
 
 
 4
 The alleged violation of section 1170 does not amount to a violation of the Constitution, laws, or treaties of the United States. See Boykin v. Alabama, 395 U.S. 238, 242 (1969); Makal v. State of Arizona, 544 F.2d 1030, 1035 (9th Cir.1976), cert. denied, 430 U.S. 936 (1977); cf. Rodriguera v. United States, 954 F.2d 1465, 1468 (9th Cir.1992). Indeed, it appears there was no state-law violation. People v. Enright, 132 Cal.App.3d 631, 637 (4th App.Dist.1982).
 
 
 5
 Bray also claims the state sentencing court was not a court of competent jurisdiction. However, Bray offers no allegations which tend to support this claim; he pleaded guilty to grand theft in California State Court. That court had jurisdiction over him.
 
 
 6
 Finally, Bray claims the revocation of his parole violates the ex post facto and bill of attainder clauses of the United States Constitution. Revocation of parole for a violation of the conditions of that parole does not offend the ex post facto clause. See generally Wallace v. Christiansen, 802 F.2d 1539, 1553 (9th Cir.1986 (en banc) (defining an ex post facto violation). Nor has Bray alleged any facts which could establish he is subject to a bill of attainder. See United States v. O'Brien, 391 U.S. 367, 383 n. 30 (1968) ("This Court's decisions have defined a bill of attainder as a legislative Act which inflicts punishment on named individuals or members of an easily ascertainable group without judicial trial").
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3