[No. C054553. Third Dist. Sept. 6, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
BOBBY LEE WILLARD, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of parts II, III, IV of the Discussion.

## COUNSEL

William I. Parks, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, and Julie A. Hokans, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**ROBIE, J.**—Defendant Bobby Lee Willard appeals following his plea of no contest to one count of committing lewd and lascivious acts on a child under the age of 14. He contends 1) his plea was taken without a sufficient factual basis; 2) the court erred in failing to advise defendant that sex offender registration was a lifetime requirement; 3) the court erred in advising defendant after his release he might be civilly committed as a sexually violent predator (SVP); and 4) the court imposed an unauthorized fine.

In the published portion of the opinion, we conclude there was not an adequate factual basis for defendant's plea.

In the unpublished portion of the opinion, we conclude defendant was not prejudiced by the failure to advise him of the lifetime sexual offender registration and the court did not err in advising defendant he might be subject to the Sexually Violent Predator Act. We also find the fines imposed under Penal Code[1] section 290.3 must be corrected.

Defendant obtained a certificate of probable cause.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

## RELEVANT FACTS AND PROCEDURAL HISTORY

On October 2, 2006, defendant was charged with two counts of committing a lewd act upon a child under the age of 14, one count of committing a forcible lewd act on a child under the age of 14, and one count of sexual penetration by a foreign object.

On November 2, 2006, defendant pled no contest to committing a lewd act upon a child under the age of 14 and agreed to be sentenced to the upper term of eight years. In exchange for this plea, the People dismissed the remaining counts against defendant.

The complaint alleged: "On or about July 15, 2006, in the above named Judicial District, the crime of lewd act upon a child, in violation of Penal Code section 288(a), a Felony, was committed by BOBBY LEE WILLARD, who did willfully, unlawfully, and lewdly commit a lewd and lascivious act upon and with the body and certain parts and members thereof of [W.] W., a child under the age of fourteen years, with the intent of arousing, appealing to, and gratifying the lust, passions, and sexual desires of the said defendant(s) and the said child." (Boldface omitted.)

Prior to taking the plea, the court confirmed defense counsel had advised defendant of the SVP consequences. The plea form also indicated defense counsel had explained sex offender registration. The court did not separately advise defendant on the sex offender registration requirements.

In taking the plea, the court asked if counsel joined in the plea and the waiver of defendant's rights and would "stipulate to a factual basis." Defense counsel responded, "Yes." The deputy district attorney responded, "Stipulate." In his plea waiver form, defendant stipulated there was a factual basis for his plea and that the court could take facts from "probation reports, police reports or other sources as deemed necessary to establish the factual basis." Based on these stipulations, the court found there was a factual basis for the plea. Defendant waived his right to a probation report.

In accordance with the negotiated plea, defendant was sentenced to the upper term of eight years. The court imposed a $1,600 restitution fine under

section 1202.4 and a $700 fine under section 290.3. Defendant was ordered to register as a sex offender pursuant to section 290. The court also advised defendant, "[f]ollowing his time in custody, he will either be committed as a sexually violent predator or released on parole for ten years."

## DISCUSSION

### I

*There Was Not an Adequate Factual Basis in the Record to Accept the Plea*

Defendant contends the plea was taken without a determination of an adequate factual basis. We agree.

The trial court's finding that there is a factual basis for the plea is reviewed for an abuse of discretion. (*People v. Holmes* (2004) 32 Cal.4th 432, 442–443 [9 Cal.Rptr.3d 678, 84 P.3d 366] (*Holmes*).) If there is error, it will be deemed harmless if the record supports a finding of a factual basis for the conditional plea. (*Id.* at p. 443.)

In *Holmes,* our Supreme Court set forth the proper procedure to follow under section 1192.5 when a negotiated plea is taken: "[I]n order for a court to accept a conditional plea, it must garner information regarding the factual basis for the plea from either defendant or defense counsel to comply with section 1192.5. If the trial court inquires of the defendant regarding the factual basis, the court may develop the factual basis for the plea on the record through its own examination by having the defendant describe the conduct that gave rise to the charge [citation], or question the defendant regarding the factual basis described in the complaint or written plea agreement. [Citations.] If the trial court inquires of defense counsel regarding the factual basis, *it should request that defense counsel stipulate to a particular document* that provides an adequate factual basis, such as a complaint, police report, preliminary hearing transcript, probation report, grand jury transcript, or written plea agreement. [Citation.] Under either approach, a bare statement by the judge that a factual basis exists, without the above inquiry, is inadequate." (*Holmes, supra,* 32 Cal.4th at p. 436, italics added.) "A reference to a complaint *containing a factual basis for each essential element of the crime* will be sufficient under section 1192.5 to establish the factual basis for the plea." (*Id.* at p. 440, italics added.)

In *Holmes*, the court asked the defendant if he had received a copy of the complaint and if he had done what was described. The complaint contained the charged offense, the names of the defendant and the victim, the date and location of the charged offense, and a brief description of the factual basis for the charged offense. The Supreme Court found this was an adequate factual basis. (*Holmes, supra*, 32 Cal.4th at p. 443.)

The court expressly left open the issue of whether a bare stipulation from counsel, without reference to any document in the record, would provide a sufficient factual basis. (*Holmes, supra*, 32 Cal.4th at p. 441, fn. 8 ["[a] closer question is raised when counsel stipulates to a factual basis for the plea . . . absent reference to a particular document that provides an adequate factual basis"].) However, the court indicated a preference for a broader inquiry and referred positively to the dissenting opinion in *People v. McGuire* (1991) 1 Cal.App.4th 281 [1 Cal.Rptr.2d 846]. (*Holmes*, at p. 441, fn. 8, citing *People v. McGuire, supra*, 1 Cal.App.4th at p. 286 (dis. opn. of Poché, J.).) The court advised, "the better approach . . . is for a stipulation by counsel to a factual basis to be accompanied by reference to a police report [citation], reference to the probation report or preliminary hearing transcript [citation], or reference to grand jury testimony [citation]." (*Holmes, supra*, 32 Cal.4th at p. 441, fn. 8.) No published case since *Holmes* has addressed the issue left open by *Holmes*. That is, whether a generalized stipulation, without reference to a document in the record which contains factual allegations satisfies section 1192.5.

In this case, trial counsel stipulated there was a factual basis for the plea. However, this stipulation was a general one, including no reference to any document containing factual allegations. Although the plea waiver form provides that the court could take facts from any source necessary to establish the factual basis for the plea, *there are no such sources contained in this record. There are no probation reports, preliminary hearing transcripts, police reports, presentence reports, or any documents which contain facts.*[2]

 The opinion in *Holmes* makes clear that there must be some reference to a factual source to support the essential elements of the crime. (*Holmes, supra*, 32 Cal.4th at pp. 441–442.) This requirement leads us to the conclusion that the dissent in *McGuire* was correct, a bare stipulation by counsel with no reference to documents containing factual support does not meet the

---

[2] The People contend defense counsel's statement defendant would plead no contest to count one in the information and the court's reading of that count, was a reference to the complaint in determining the factual basis for the plea, and as such satisfied *Holmes*. We disagree. The purpose of the factual basis inquiry, "is to corroborate what the defendant already admits" by his plea. (*People v. Wilkerson* (1992) 6 Cal.App.4th 1571, 1578 [8 Cal.Rptr.2d 392]; see also *People v. Watts* (1977) 67 Cal.App.3d 173, 179 [136 Cal.Rptr. 496].) If the People's argument were correct, in most cases it would obviate the requirements of section 1192.5.

standard of section 1192.5. Nor can a reference to documents which do not exist within the record meet the standard of section 1192.5.

■ Here, counsel's stipulation "reveals no more of a factual basis supporting the plea than the plea itself. Nor is this case analogous to the situation where the parties stipulate that certain documentary evidence in the record can serve as the factual basis for the plea. There is a significant distinction between a stipulation that a specific document can be considered as containing the factual basis, . . . and a general stipulation that a factual basis simply exists, as we have here. The former provides a concrete set of facts in the record, which can be reviewed by the appellate court to determine its adequacy. The latter provides nothing to assure the appellate court or the trial court of the adequacy of the factual basis supporting the plea." (*People v. McGuire, supra*, 1 Cal.App.4th at p. 286 (dis. opn. of Poché, J.).) Accordingly, we find the court abused its discretion in accepting the plea without an adequate factual basis.

Based on the record before us, we cannot conclude the error was harmless. As we have explained, there are no documents in this record that contain factual support for the charges. The only potentially supporting document is the complaint itself. The complaint in this case alleges the date of the conduct and the names of defendant and the victim. The remainder of the complaint is in the language of the statute. The statutory language sets forth the elements of the offense, not facts. (See *Holmes, supra*, 32 Cal.4th at p. 440.) This is not enough to satisfy the purpose of the factual basis inquiry, to corroborate what defendant had already admitted by his plea. Accordingly, we must reverse and remand the matter.

II–IV*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The judgment is reversed. The matter is remanded to the trial court, which shall give the prosecution, as soon as the matter can be heard, an opportunity to establish a factual basis for defendant's plea to count one. If the prosecution successfully does so, the trial court shall reenter the judgment and prepare and distribute as appropriate a new abstract of judgment. If the prosecution does not establish a factual basis for the plea, the court shall

---

*See footnote, *ante*, page 1329.

allow defendant the opportunity to withdraw his plea. If defendant does so, the People shall be given an opportunity to withdraw from the entire plea agreement and proceed accordingly.

Davis, Acting P. J., and Butz, J., concurred.