Filed 8/2/13  P. v. Melton CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D062913 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD241884) |
| KEVIN DOUGLAS MELTON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Laura W. Halgren, Judge.  Affirmed as modified with directions.

Law Offices of Russell S. Babcock, Russell S. Babcock, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Elizabeth M. Carino, Deputy Attorneys General, for Plaintiff and Respondent.

Kevin Melton pleaded guilty to inflicting corporal injury on a former cohabitant (Pen. Code,[1] § 273.5, subd. (a); count 2) and disobeying a court order (§ 273.6; count 4). Melton also admitted his prior conviction of inflicting corporal injury on a former cohabitant (§ 273.5, subd. (a)). The prosecution dismissed the remaining counts and special allegations in exchange for Melton's guilty plea. The court then suspended Melton's sentence, granted Melton formal probation, and placed him in custody for 365 days with credit for time served.

Melton appeals, contending the court abused its discretion because it failed to establish a factual basis for Melton's conditional guilty plea, which violated Melton's Fourteenth Amendment due process rights and constitutes reversible error. Melton further contends the probation order miscalculates the total amount of fines and fees Melton owes. We affirm the judgment as modified with instructions to correct the total amount of fines and fees.

PROCEDURAL FACTS

On July 27, 2012, Melton entered into a written plea agreement. The court accepted Melton's guilty plea through the following exchange:

> "The Court: Sir, to the charge in count two that on or about July 5th of this year, you did willfully and unlawfully inflict a corporal injury, resulting in a traumatic condition, upon [Y]vette Batia, . . . who was a person with whom you were cohabitating, in violation of Penal Code section 273.5(a), how do you plead, guilty or not guilty?
>
> "The Defendant: Guilty.

---

[1]    Statutory references are to the Penal Code unless otherwise specified.

2

"The Court: 'Guilty.' All right. I will note that is what you've said. And to the allegation that you were previously convicted of Penal Code 273.5(a) in case SCD234647 on April 11th of 2012, within the meaning of Penal Code 273.5(e)1), do you admit that that is true?

"(The defendant nods head up and down.)

"The Court: Is that a 'yes?'

"(The defendant nods head up and down.)

"The Court: I will note that you are nodding 'yes.' And then to the charge in count four that on July 5th of this year you did . . . willfully and unlawfully violate a court order obtained to prevent domestic violence and disturbance of the peace, in violation of Penal Code section 273.6(a), a misdemeanor, how do you plead?

"The Defendant: Guilty.

"The Court: 'Guilty.' All right. And the factual basis of your plea is that you willfully inflicted corporal injury upon a former cohabitant, who was [Y]vette Batia, resulting in a traumatic condition; you had a prior similar offense, and you willfully violated a valid court order to prevent domestic violence. Is that what you did, sir?

"(The defendant nods head up and down.)

"The Court: Nodding 'yes.'

"The Defendant: Yes."

DISCUSSION

I

*THE COURT ESTABLISHED A SUFFIENT FACTUAL BASIS FOR THE PLEA*

Melton contends the court abused its discretion because it failed to establish a factual basis to accept Melton's guilty plea. Melton contends the court should have inquired further into Melton's conduct because the court's express inquiry, the complaint,

and the plea agreement lacked a sufficiently detailed account of the underlying facts. We disagree.

Under section 1192.5, when a trial court accepts a conditional plea, it must establish that there is a prima facie factual basis for the plea and the defendant pleads freely and voluntarily. (*People v. Holmes* (2004) 32 Cal.4th 432, 438 (*Holmes*).) A factual basis for the plea is necessary "to protect against the situation where the defendant, although he realizes what he had done, is not sufficiently skilled in law to recognize that his acts do not constitute the offense with which he is charged." (*People v. Watts* (1977) 67 Cal.App.3d 173, 178 (*Watts*).) Thus, establishing a factual basis for a plea helps ensure that " 'the constitutional standards of voluntariness are met.' " (*Holmes, supra*, at p. 683, quoting *People v. Hoffard* (1995) 10 Cal.4th 1170, 1182, fn. 11.)

A court must either solicit information from defense counsel or the defendant to establish a factual basis for the plea. (§ 1192.5; *Holmes, supra*, 32 Cal.4th at p. 442.) A court may establish a factual basis if defense counsel stipulates to a factual document in the record, like "a complaint, police report, preliminary hearing transcript, probation report, grand jury transcript, or written plea agreement." (*Ibid.*) A court may also question the defendant regarding the facts in the complaint or written plea agreement to establish a sufficient factual basis for the plea. (*Ibid.*) If the complaint is sufficiently detailed, a court may simply ask whether the defendant did what the complaint describes. (*Id.* at p. 443.) A complaint is sufficiently detailed if it includes "the charged offense, the names of the defendant and the victim, the date and location of the charged offense, and a brief description of the factual basis for the charged offense." (*Ibid.*) A court need not

4

conduct a more extensive inquiry of the defendant to establish a prima facie factual basis for the plea. (*Ibid.* ["the trial court's questioning of defendant about the factual basis in the complaint was adequate to establish that defendant was cognizant that his acts did constitute the offense with which he was charged"].) Evidence of each element of a charged offense is unnecessary to establish a prima facie factual basis, and a court need not resolve all contradictory evidence to accept the plea. (*Watts, supra*, 67 Cal.App.3d at p. 179.)

Melton cites *People v. Willard* (2007) 154 Cal.App.4th 1329 (*Willard*) to support the conclusion a court may not establish a sufficient factual basis for a plea by using only the statutory language of the elements of a charge to describe a defendant's actions. However, *Willard* is inapplicable to this case because the court in *Willard* held defense counsel's stipulation to the elements of a charge was insufficient to establish a factual basis because counsel failed to stipulate to a factual document in the record. (*Id.* at pp. 1334-1335.) The court here did not establish a factual basis by defense counsel's stipulation; rather it expressly inquired of the defendant based on the information in the complaint. Here, the court established a prima facie factual basis when it expressly asked Melton whether "the factual basis of your plea is that you willfully inflicted corporal injury upon a former cohabitant, who was [Y]vette Batia, resulting in a traumatic condition; you had a prior similar offense, and you willfully violated a valid court order to prevent domestic violence[,]" and Melton responded "yes." The court's inquiry described the information included in both the complaint and the written plea agreement. Further, the court's inquiry contained information identical to the complaint, which the

5

court found sufficient to establish a prima facie factual basis in *Holmes*.[2] In *Holmes*, the court asked the defendant if he did what was in the complaint, which stated the defendant's name, the victim's name, date of the offense, location, and used only the elements of the charge to describe the defendant's conduct. (*Holmes, supra*, 32 Cal.4th at p. 436.) Similarly here, the elements of the charge sufficiently described Melton's conduct, and the inquiry included the name of the victim and date of the offense.

Thus, further inquiry was unnecessary to establish a prima facie factual basis for Melton's plea.[3]

### Due Process and Voluntariness

Melton contends he did not know the factual basis of his plea because the court failed to establish a sufficient factual basis, thus he pleaded involuntarily, which violated his Fourteenth Amendment due process rights. We disagree.

"A plea is valid if the record affirmatively shows that it is voluntary under a totality of the circumstances" test. (*People v. Howard* (1992) 1 Cal.4th 1132, 1175 [a strong factual basis for the plea, representation by counsel, and the court's advisement of the constitutional right to a jury trial showed defendant's plea was knowing and intelligent].) Though a factual basis inquiry is not a federal constitutional requirement, it

---

[2] The complaint in *Holmes* stated the following: " 'The above named defendant(s) committed a violation of Penal Code section 220, a felony, in that on or about March 24, 2000, in the County of Riverside, State of California, he did willfully and unlawfully assault Sandra R., with the intent to commit rape.' " (*Holmes, supra*, 32 Cal.4th at p. 436.)

[3] We need not address whether any error is harmless because the court did not abuse its discretion when it found a prima facie factual basis for Melton's plea.

may help ensure that constitutional standards for voluntariness are met. (*People v. Hoffard*, *supra*, 10 Cal.4th at pp. 1182-1183.)

Here, the court's express inquiry included information sufficient to establish a prima facie factual basis for the plea under *Holmes, supra,* 32 Cal.4th 432, which supports the court's finding of voluntariness. The record further shows Melton understood the nature of the charges against him because he signed the change of plea form with a handwritten factual basis for his plea.[4] Melton also acknowledged that his counsel explained the change of plea form, and Melton stated he understood what he was signing.

The record supports the court's finding Melton pleaded freely and voluntarily under the totality of the circumstances test, thus the court did not violated Melton's Fourteenth Amendment due process rights when it accepted Melton's guilty plea.

II

*THE PROBATION REPORT MISCALCULATED FINES AND FEES*

Melton contends the probation report miscalculates the fines and fees he owes, and the Attorney General correctly concedes.

The sentencing court's oral pronouncement of fines and fees controls when there is a discrepancy in the record, and appellate courts may correct such clerical errors. (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

---

4    Melton initialed the following handwritten statement: I admit that on the dates charged, "I willfully inflicted corporal injury upon a former cohabitant Yvette Batia resulting in a traumatic condition. I have a prior PC 273.5 offense (SDC234647). I willfully violated a valid court order to prevent domestic violence."

7

The probation order incorrectly calculates the total amount of fines and fees as $1,734. The trial court stayed the $800 fine listed on line 2(a) of the probation order, found Melton unable to pay the fine listed on line 2(d), and suspended the probation revocation fine of $240. The court then ordered Melton to pay the remaining fines and fees. The remaining fines and fees include a court operations assessment of $80, a criminal conviction assessment of $60, a domestic violence fund fee of $400, and a restitution fine of $240. Excluding the stayed and suspended fines and fees, the correct calculation of fines and fees is $780.

## DISPOSITION

The judgment is modified to reduce the fines imposed as set forth in this opinion. The superior court is directed to modify its minute order accordingly. In all other respects, the judgment is affirmed.


HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


O'ROURKE, J.

8