Filed 2/10/21  P. v. Langram CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. LACHARRIE DIANE LANGRAM, Defendant and Appellant. | B292751 (Los Angeles County Super. Ct. No. TA146117) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lynn D. Olson, Judge.  Affirmed.

Byron C. Lichstein, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, Rama R. Maline, Deputy Attorney General, for Plaintiff and Respondent.

———————————————

LaCharrie Diane Langram appeals from a judgment entered after she pleaded no contest to one count of assault with a firearm and one count of assault with a deadly weapon and admitted an allegation that she personally used a firearm within the meaning of Penal Code section 12022.5, subdivision (a).[1] Langram contends that there is no factual basis for her plea. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

On May 22, 2018, the Los Angeles County District Attorney filed a felony complaint against Langram, alleging that on April 25, 2018 she attempted to murder Nelson Majia with a knife and assaulted Majia with a firearm. The People charged Langram with attempted willful, deliberate, premeditated murder (§§ 664; 187, subd. (a); count 1) and assault with a firearm (§ 245, subd. (a)(2); count 2). The People alleged as to count 1 Langram personally inflicted great bodily injury within the meaning of section 12022.7, subdivision (a), and personally used a deadly and dangerous weapon within the meaning of section 12022.5, subdivision (a), in connection with count 2.

On May 31, 2018, at the arraignment, the prosecutor gave Langram's counsel a copy of the "complaint and arrest report." Langram pleaded not guilty and denied the special allegations. After several continuances, the trial court scheduled the preliminary hearing for July 19, 2018.

On July 19, 2018, when the trial court called the case to begin the preliminary hearing, counsel indicated they had reached a resolution of the case. As part of the plea agreement, the parties asked the trial court to amend the complaint to add a

---

[1]     Statutory references are to the Penal Code.

count for assault with a deadly weapon (§ 245, subd. (a)(1); count 3). Under the proposal, Langram would plead no contest to counts 2 and 3 and admit the section 12022.5, subdivision (a) enhancement as to count 2, and the trial court would dismiss count 1 and sentence Langram to 15 years in state prison. Responding to the trial court's questions, Langram confirmed that she understood the plea agreement, wanted to accept it, and had no questions about it.

After amending the complaint to add count 3, the trial court asked the prosecutor to take the plea. The prosecutor advised Langram: "You are charged with . . . violation of 664/187(a), a felony, commonly known as willful, deliberate, and premeditated attempted murder on a victim, [Nelson Majia] . . . . It is also alleged that you personally used a deadly or dangerous weapon, a knife . . . . You are charged in count 2 with a violation of Penal Code section 245 [, subdivision] (a)(2), a felony, assault with a firearm. It is also alleged that you personally inflicted great bodily injury upon Nelson Majia within the meaning of Penal Code section 12022.7 [, subdivision] (a). You are also charged in count 3 with a violation of Penal Code section 245 [, subdivision] (a)(1), assault with a deadly weapon, to wit, a knife, against victim Nelson Majia. It is also alleged that you personally used a handgun within the meaning of Penal Code section 12022.5, as alleged in count 2. Your maximum sentence in this case is 23 years to life in state prison." When the prosecutor asked Langram, "Do you understand the charges, allegations, and your maximum sentence in this case?" Langram responded, "[Y]eah." Langram also responded affirmatively that she "had enough time to talk with [her] lawyer to discuss the facts of the case and [her] rights and defenses." Langram also

stated that she understood that she would spend 15 years in state prison under the plea and that she understood the terms of the agreement. Langram did not assert her factual innocence.

After the prosecutor described Langram's constitutional rights, Langram stated she understood and gave up those rights. Langram also stated that she had spoken to her attorney about "possible immigration consequences" of the plea and that she did not need more time "to discuss this disposition with [her] attorney." Langram acknowledged she was pleading no contest because, "after evaluating all the facts and circumstances," she believed it was in her "best interest to take advantage of what" the People were offering her. Langram also agreed that she was "freely and voluntarily" accepting the agreement because it was what she wanted to do.

After the trial court offered to proceed with a preliminary hearing if she was unsure that she wanted to accept the plea, Langram responded, "I take [the plea]." Langram then pleaded no contest to assault with a firearm (§ 245, subd. (a)(2); count 2) and assault with a deadly weapon (§ 245, subd. (a)(1); count 3). Langram also admitted the allegation as to count 2 that she personally used a firearm within the meaning of section 12022.5, subdivision (a).

The prosecutor asked Langram's counsel: "Does counsel join in the waivers, concur in the plea, and stipulate to a factual basis based on the police reports, transcripts, and evidence, as well as any probation report and discovery?" Langram's counsel replied, "I do." The trial court accepted Langram's plea, stating: "I find that your pleas and waivers were knowingly, intelligently, and voluntarily made with full knowledge of the consequences of the pleas and there's factual bases for them." Pursuant to the

4

plea agreement, the trial court sentenced Langram to 15 years in state prison.

Langram timely appealed.[2]

## DISCUSSION

Langram argues that the trial court failed to establish a factual basis for her plea under section 1192.5.  Langram requests that we "remand to the superior court to give the prosecutor a chance to establish a factual basis for the pleas." Langram further requests that, if "the prosecutor cannot do so, [Langram] should be given the opportunity to withdraw her pleas, if she so chooses."

Before accepting a plea of guilty or no contest to a felony charge, the trial court must "satisfy itself" that "there is a factual basis for the plea" and that the plea is freely and voluntarily made.  (§ 1192.5; accord, *People v. Palmer* (2013) 58 Cal.4th 110, 112 (*Palmer*); *People v. Holmes* (2004) 32 Cal.4th 432, 435 (*Holmes*).)  "No additional language details what will be sufficient to satisfy the requirement of a factual basis for the plea, though the connection of clauses (1) and (2) implies that inquiring about the factual basis for the plea is closely related to the plea's being freely and voluntarily made." (*Holmes,* at p. 439.)  Thus, section 1192.5 requires the trial court, when taking "a conditional plea of guilty or no contest," "to make *an inquiry* to satisfy itself that there is a factual basis for" the plea.  (*Palmer,* at p. 118.)

---

[2]     After this court granted Langram's motion for permission to file an additional request for a certificate of probable cause on March 11, 2019, the trial court granted Langram's request for a certificate of probable cause on April 8, 2019.  (See § 1237.5, subd. (b).)

"[A]lthough the statute requires the "'inquiry to be made of defendant" [citation],' a 'stipulation by counsel of the plea's factual basis is consistent with the legislative purpose of the statute.'" (*Ibid*.)  When a factual basis is established by stipulation, the "'better approach' . . . is for counsel's stipulation" to refer to "a particular document that provides an adequate factual basis . . . ." (*Ibid*.; see *Holmes,* at p. 440 ["[w]hen both parties stipulate on the record to a document, such as a police report, the factual basis requirement is met"].)

In *Palmer*, the Supreme Court held that a court may "satisfy its statutory duty by accepting a stipulation from counsel that a factual basis for the plea exists without also requiring counsel to . . . refer to a document in the record," so long as "the plea colloquy reveals that the defendant has discussed the elements of the crime and any defenses with his or her counsel and is satisfied with counsel's advice."  (*Palmer, supra,* 58 Cal.4th at p. 118.)  Trial courts are accorded "flexibility in establishing a factual basis for the plea."  (*Id*. at p. 119.)

"'[A] trial court possesses wide discretion in determining whether a sufficient factual basis exists for a guilty plea.  The trial court's acceptance of the guilty plea, after pursuing an inquiry to satisfy itself that there is a factual basis for the plea, will be reversed only for abuse of discretion.'"  (*Palmer, supra,* 58 Cal.4th at pp. 118-119.)  "A finding of error under this standard will qualify as harmless where the contents of the record support a finding of a factual basis for the conditional plea."  (*Holmes, supra,* 32 Cal.4th at p. 443; accord, *People v. Willard* (2007) 154 Cal.App.4th 1329, 1333.)

Here, Langram confirmed that she understood the plea, wanted to accept it, and did not have any questions about it.

After the prosecutor described the three counts and enhancements, Langram stated that she understood the "charges" and "allegations." Langram also agreed that she "had enough time to talk with [her] lawyer to discuss the facts of the case and [her] rights and defenses." Further, after she evaluated "all of the facts and circumstances" of her case, Langram agreed that she was "freely and voluntarily" accepting the plea. Langram confirmed that she wanted "to accept the plea because it was in her "best interest to take advantage" of the People's offer. In fact, Langram agreed she was "sure" that she wanted to take the plea. Langram did not assert her factual innocence.

Taken together, this record establishes that the plea was voluntary and intelligent and it reveals that Langram "discussed the elements of the crime and any defenses with [her] . . . counsel and [was] satisfied with counsel's advice." (*Palmer, supra,* 58 Cal.4th at p. 118.) The trial court acted within its discretion in accepting Langram's plea.

Langram argues that the prosecutor's colloquy with Langram did not reveal that Langram "discussed the elements of the crimes with her attorney." However, *Palmer* did not require that specific words must be used in the colloquy. Instead, *Palmer* suggested that the plea colloquy, as a whole, must "reveal[ ] that the defendant has discussed the elements of the crime with his or her counsel and any defenses with his or her counsel . . . ." (*Palmer, supra,* 58 Cal.4th at p. 118.) Langram confirmed she understood the "charges" and "allegations" and had discussed the "facts of the case," her "rights," and "defenses" with her counsel.

The elements of the offenses were not numerous or complicated.[3] The colloquy satisfied section 1192.5.

Langram's reliance on *People v. Willard, supra,* 154 Cal.App.4th 1329 is misplaced. In *Willard*, the court held a "general" stipulation to a factual basis with "no reference to any document containing factual allegations" did not meet the section 1192.5 standard. (*Id.* at pp. 1334-1335.) However, in *Palmer*, the Supreme Court held that a defense counsel's stipulation to factual basis need not refer to a document in the record where "the plea colloquy reveals that the defendant has discussed the elements of the crime and any defenses with his or her counsel and is satisfied with counsel's advice." (*Palmer, supra,* 58 Cal.4th at pp. 117-118.) Here, the plea colloquy satisfied section 1192.5.[4]

---

[3] The pertinent portions of the Penal Code sections provide: "[a]ny person who commits an assault upon the person of another with a deadly weapon or instrument other than a firearm"(§ 245, subd. (a)(1)); "[a]ny person who commits an assault upon the person of another with a firearm" (§ 245, subd. (a)(2); and "any person who personally uses a firearm in the commission of a felony or attempted felony" (§ 12022.5, subd. (a)).

[4] We deny the People's motion to augment the record. Under California Rules of Court, rule 8.155(a)(1)(A), there is nothing in the record to show that the police reports were "filed or lodged" in the trial court.

**DISPOSITION**

The judgment is affirmed.

DILLON, J.\*

We concur:

SEGAL, Acting P. J.

FEUER, J.

---

\*	Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.