Filed 4/11/14  P. v. Fullen CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059770 |
| v. | (Super.Ct.No. FSB1104063) |
| JOHN HOYT FULLEN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Harold T. Wilson, Jr., Judge.  Affirmed.

Jessica C. Butterick, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant John Hoyt Fullen pled no contest to misdemeanor charges of burglary (count 3; Pen. Code, § 459)[1] and petty theft (count 4; § 484).  The court granted defendant three years' probation.  After defendant filed the notice of

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

1

appeal, this court appointed counsel to represent defendant. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a statement of the case, a brief statement of the facts, and identifying three potentially arguable issues: 1) whether defendant's plea was constitutionally valid; 2) whether there was a proper factual basis for the plea; and 3) whether the court abused its discretion by denying defendant's request for a certificate of probable cause. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

On May 22, 2011, Costco loss prevention officer Jeffery Martin spotted defendant and his female codefendant walking around the store placing movies and batteries in a black diaper bag.[3] They paid for some merchandise, but exited the store without paying for the items in the diaper bag. Martin, the manager, and several other Costco employees contacted the suspects in the parking lot. Martin identified himself as a loss prevention agent.

Defendant told the female to run. Martin grabbed the diaper bag which was on the woman's arm; she was also carrying a baby. The woman forcibly removed the bag from Martin's grasp and ran. Martin did not pursue her because he was afraid an altercation would injure the child. Defendant and the woman fled in a vehicle during which they struck another car in the parking lot.

---

[2] We take our facts from the police reports and the preliminary hearing transcript.

[3] Defendant's codefendant is not a party to this appeal.

2

Internal surveillance cameras captured defendant and the woman while they were inside the store being pursued by Martin undercover. Martin recorded the confrontation outside the store on his cell phone. Martin was able to identify defendant by defendant's Costco membership transaction log created when he purchased the other items that day.

The People charged defendant by information with second degree robbery (count 1; § 211) and second degree commercial burglary (count 2; § 459). Defendant signed and initialed a plea form in which he pled nolo contendre to added misdemeanor counts 3 and 4 in return for dismissal of the count 1 and 2 charges and an agreement he would be granted three years' probation. Defendant signed and initialed portions of the form indicating he understood and waived his constitutional rights. Defendant's attorney signed the form reflecting she had explained to defendant his rights and the consequences of the plea.

On the same day, the court orally took defendant's plea. Defendant informed the court he had gone over the plea form with his attorney and understood everything in it. The court did not go over defendant's rights, take defendant's waiver of those rights, or obtain a factual basis for the plea.

Defendant filed a notice of appeal in which he requested a certificate of probable cause. Defendant enumerated four bases for the issuance of a certificate of probable cause: 1) he is innocent; 2) he believed all the charges against his codefendant would be dropped pursuant to his plea; 3) he believed he was only pleading to one offense of petty theft, not two offenses; and 4) he did not understand that as a consequence of his plea his

3

registration level in Arizona would be elevated.[4]  The court denied his request for a certificate of probable cause.

## DISCUSSION

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so.  Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues. (*People v. Marlow* (2004) 34 Cal.4th 131, 147 [Constitutional validity of plea reviewed under the totality of the circumstances.]; See *People v. Tigner* (1982) 133 Cal.App.3d 430, 435 [Failure of court to take adequate factual basis for plea subject to harmless error where sufficient documentary information in the record so provides.]; *People v. Castelan* (1995) 32 Cal.App.4th 1185, 1188 [The denial of a request for certificate of probable cause can only be challenged by petition for writ of mandate.].)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

J.

We concur:


RICHLI

Acting P. J.


MILLER

J.

_____

[4]  Defendant is a registered sex offender in Arizona.

4