Filed 5/23/22  P. v. Lamar CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DEVIN TREVONE LAMAR,<br><br>Defendant and Appellant. | F082170, F082243<br><br>(Super. Ct. Nos. F20903958; F20902528)<br><br>**OPINION** |

THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Michael G. Idiart, Judge.

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Clara M. Levers, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Franson, Acting P. J., Smith, J. and Snauffer, J.

## INTRODUCTION

Appellant Devin Trevone Lamar entered a plea of no contest to two criminal cases pending against him.  The factual basis for both pleas was made pursuant to *People v. West* (1970) 3 Cal.3d 595.  On appeal, Lamar contends the trial court failed to make sufficient inquiries into the factual basis for his pleas, as is required by Penal Code section 1192.5.  We affirm.

## PROCEDURAL HISTORY

On August 21, 2020, the Fresno County District Attorney filed an information in case No. F20902528 (case No. 2528) charging Lamar with assault with a deadly weapon (Pen. Code,[1] § 245, subd. (a)(1), count 1), criminal threats (§ 422, count 2), and three counts of dissuading a witness (§ 136.1, subd. (b)(2), counts 3-5).

On this same date, the Fresno County District Attorney filed an information charging Lamar in case No. F20903958 (case No. 3958) with attempted carjacking (§ 664/215, subd. (a)(1), count 1) and giving false information to a police officer (§ 148.9, subd. (a)), count 2).  The information further alleged that during the commission of the crimes, Lamar was released from custody on bail or own his own recognizance (§ 12022.1).

On October 6, 2020, pursuant to a negotiated plea bargain, Lamar entered a plea of no contest to counts 1 and 3 in case No. 2528.  The remaining counts charged were dismissed in view of his plea.  In case No. 3958, count 1 was amended to the lesser charge of attempted unlawful taking of a vehicle.  Lamar entered a plea of no contest to this charge, and he admitted the on-bail enhancement.  Count 2 was dismissed in view of the plea, and the on bail enhancement was stricken.  The parties stipulated that the factual basis for the pleas was "*People v. West.*"  (*People v. West*, *supra,* 3 Cal.3d 595.)

---

[1]    All further undefined statutory citations are to the Penal Code unless otherwise indicated.

On November 6, 2020, in case No. 2528, the court sentenced Lamar to a term in state prison of three years. In case No. 3958, the court sentenced Lamar to a term in state prison of 18 months, to be served concurrently to the sentence imposed in case No. 2528.

Lamar filed timely notices of appeal in both cases. His requests for certificates of probable cause were granted in both cases.

## STATEMENT OF FACTS

On April 11, 2020, at approximately 5:50 p.m., Lamar arrived at the home of his brother, R.L. Lamar asked R.L. to help him create an online account for his debit card. After R.L. set up the account and told Lamar that it was done, Lamar did not believe R.L. and punched him in the chest, leading to a physical altercation. During the fight, Lamar pulled out a metal rod and hit R.L. on his shoulder.

After R.L pushed Lamar out of his house, Lamar began hitting the door with the rod and demanded that R.L. open the door. When unsuccessful, Lamar took out a gun from his backpack and threatened to shoot R.L. Lamar left once R.L. told him that he had called the police.

When police arrived, Lamar was already gone. R.L. told officers that he was in fear for his life.

The police found Lamar a few days later, arrested him, and transported him to the Fresno County Jail. Lamar made three telephone calls to R.L. from jail asking him to drop the charges and to not appear in court to testify against him.

Lamar was subsequently released on bail. Lamar failed to appear for a preliminary hearing that was set on June 16, 2020, and a bench warrant was issued.

On June 18, 2020, around 10:51 p.m., A.D. was driving to work in Fresno. While he was stopped at a red light, two individuals approached A.D.'s car. A woman jumped into the passenger's side window of A.D.'s car and tried to grab him. She told A.D. he was "not going to live past tonight" and that he was "going to die."

At that same time, the man, Lamar, tried to open A.D.'s driver's side door, but it was locked. Lamar tried to open the car door six to 10 times. During the incident, he made comments that made A.D. think that it was his "last day on this planet." A.D. pointed his paintball gun at Lamar and Lamar's female companion in attempt to scare them off. They eventually fled.

Fresno Police Officer Thomas Wooten arrived on scene and took A.D.'s statement. Officer Wooten then drove toward the direction where the suspect had fled and found Lamar. During an in-field show up, A.D. identified Lamar as the man who tried to get into his vehicle.

Lamar provided Officer Wooten with false identifying information. He also appeared to be intoxicated. Lamar told Officer Wooten that he was trying to get across town. After being read his rights, Lamar admitted that he had approached A.D.'s vehicle and tried to pull on the door handle.

## DISCUSSION

### I. The Trial Court Complied With Section 1192.5

Lamar contends the trial court failed to make sufficient inquiries into the factual basis of his no contest pleas in violation of section 1192.5. The Attorney General contends the trial court complied with section 1192.5, but even assuming error, any error is harmless upon the record. We find no error. Consequently, we do not address the Attorney General's assertion that any error was harmless.

### A. Background: The Change of Plea Hearing

Upon his signed plea forms, Lamar acknowledged that he understood his constitutional rights and the consequences of pleading no contest. As to both cases, the plea forms state that the factual basis for the pleas was "People v. West." The plea forms further indicate that Lamar "had enough time to discuss [his] case and all possible defenses with [his attorney]."

4.

During the change of plea hearing, the court asked Lamar if he understood all of his rights in order to enter the plea and whether he had discussed his rights with his attorney. Lamar stated that he did. Lamar entered a plea of no contest to all charges in each case.

The court asked defense counsel about the factual basis for the pleas. Defense counsel replied, "*People v. West*," to which the prosecutor stipulated. The court advised Lamar that "*People v. West*" meant that it would be able to find a factual basis for the plea without Lamar having to recite the facts. Lamar stated that he understood and agreed to that procedure.

**B.  Relevant Legal Principles**

Under section 1192.5, when the trial court accepts a plea of guilty or no contest, it must be satisfied that "there is a factual basis for the plea" and that the plea is freely and voluntarily made. (§ 1192.5.) In doing so, "the trial court must garner information regarding the factual basis either from the defendant or defense counsel." (*People v. Holmes* (2004) 32 Cal.4th 432, 442 (*Holmes*).) The trial court may "satisfy its statutory duty by accepting a stipulation from counsel that a factual basis for the plea exists without also requiring counsel to recite facts or refer to a document in the record [provided that] the plea colloquy reveals that the defendant has discussed the elements of the crime and any defenses with his or her counsel and is satisfied with counsel's advice." (*People v. Palmer* (2013) 58 Cal.4th 110, 118 (*Palmer*).)

"[A] trial court possesses wide discretion in determining whether a sufficient factual basis exists for a guilty or [no contest] plea. The trial court's acceptance of the … plea, after pursuing an inquiry to satisfy itself that there is a factual basis for the plea, will be reversed only for abuse of discretion. [Citation.] A finding of error under this standard will qualify as harmless where the contents of the record support a finding of a factual basis for the conditional plea." (*Holmes, supra*, 32 Cal.4th at p. 443.)

**C. Analysis**

Lamar claims that his plea of no contest in case Nos. 2528 and 3958 was defective because neither the plea forms nor the transcript from the change of plea hearing contain a factual basis for his pleas.  He further contends that defense counsel's reference to "*People v. West*" is insufficient to satisfy the requirements of section 1192.5, and that the record does not support a factual basis for his plea to unlawfully attempted to take a motor vehicle in case No. 3958.

During the change of plea hearing, Lamar confirmed that he understood his rights and that he had discussed his rights with defense counsel.  When the trial court asked what the factual basis for the plea was, defense counsel replied "People v. West."  The prosecutor stipulated.  The court advised Lamar that use of the term "People v. West" meant that it would be able to find a factual basis without having to recite the facts. Lamar stated that he understood and agreed to that procedure.  The court accepted Lamar's no contest pleas, finding they were "freely and voluntarily" made.  Contrary to Lamar's assertions, the trial court's inquiry was sufficient to satisfy section 1192.5.

In *In re Alvernaz* (1992) 2 Cal.4th 924 at page 932, the appellate court characterized a *People v. West* plea as a "plea of nolo contendere, not admitting a factual basis for the plea."  Such a plea "allows a defendant to plead guilty in order to take advantage of a plea bargain while still asserting his or her innocence."  (*People v. Rauen* (2011) 201 Cal.App.4th 421, 424.)  As the court in *People v. West* acknowledged, however, "[a] defendant who knowingly and voluntarily pleads guilty or nolo contendere can hardly claim that he is unaware that he might be convicted of the offense to which he pleads."  (*People v. West, supra*, 3 Cal.3d at p. 612.)

When a defendant changes his or her plea to guilty or no contest, the plea is deemed to constitute a judicial admission of every element of the offense charged.  It serves as a stipulation that the People need not introduce proof to support the accusation.

" '[T]he plea ipso facto supplies both evidence and verdict.' " (*People v. Voit* (2011) 200 Cal.App.4th 1353, 1363.)

After consultation with defense counsel, Lamar conceded a factual basis for his pleas existed. Although no reference to documents in the record was made to support the factual basis for the pleas, no such reference is required where the defendant has had adequate opportunity to discuss the plea with counsel. (See *Palmer, supra*, 58 Cal.4th at p. 118.) The trial court's acceptance of Lamar's admission to the charged counts and the on-bail enhancement falls within its "wide discretion in determining whether a sufficient factual basis exists" for a no contest or guilty plea. (*Holmes, supra*, 32 Cal.4th at p. 443.)

Lamar directs this court to several cases which he asserts demonstrates that the parties' reference to *People v. West,* their stipulation, and Lamar's acknowledgment that he had discussed his case and all possible defenses with his attorney, is insufficient to satisfy the statutory requirements set forth in section 1192.5. None of the cases he directs this court to advance his argument.

In *People v. Watts* (1977) 67 Cal.App.3d 173 (*Watts*) and *People v. Tigner* (1982) 133 Cal.App.3d 430 (*Tigner*), the trial court failed to make any inquiry into the factual basis for the pleas. (*Watts*, at pp. 180-181 [finding defense counsel's statement that he had discussed the elements of the charges, possible defenses, and potential punishment with the defendant to be insufficient to satisfy section 1192.5; *Tigner*, at p. 435 [finding that "a mere recitation by the court concluding '[t]here's a factual basis' without developing the factual basis *on the record* is not sufficient to meet the requirements of Penal Code section 1192.5."].) Thus, neither *Watts* nor *Tigner* addressed the circumstances present here.

Here, the parties stipulated that the factual basis for both pleas was "*People v. West*." Lamar confirmed that he understood that pursuant to *People v. West*, the trial court could make a factual finding for the pleas without having to recite those facts. Both

7.

plea forms—which were signed and read by or to Lamar—acknowledge that Lamar discussed his case and all possible defenses with his attorney.

In *Palmer*, our Supreme Court held that "the trial court may satisfy its statutory duty [under section 1192.5] by accepting a stipulation from counsel that a factual basis for the plea exists without also requiring counsel to recite facts or refer to a document in the record where, … the plea colloquy reveals that the defendant has discussed the elements of the crime and any defenses with his or her counsel and is satisfied with counsel's advice. (*Palmer, supra,* 58 Cal.4th at p. 118.)  This is precisely what occurred in the instant case.

Despite *Palmer's* clear holding, Lamar relies upon *Holmes* for the proposition that the trial court must ensure there is some reference to the record or other factual sources describing the underlying facts which support a defendant's plea.[2]  However, that question was left unanswered in *Holmes*.  (See *Palmer, supra*, 58 Cal.4th at p. 114 [explaining the petition for review was granted, in part, to answer the question left open in *Holmes* of "whether counsel's bare stipulation, without reference to any document describing the underlying facts, sufficiently establishes a factual basis for the plea"].)  Thus, Lamar's reliance upon *Holmes* is unavailing.

---

[2]      Lamar directs this court to the following quote in *Holmes* to support his assertion: "[w]hile the trial court is not required to develop the factual basis on the record by asking the defendant to enumerate his proscribed actions, it must otherwise ensure that some reference on the record to other factual sources is present." (*Holmes, supra*, 32 Cal.4th at p. 441.)  However, in a footnote, the *Holmes* court stated that it had no occasion to address the question of whether defense counsel's stipulation to a factual basis for the plea—absent reference to a particular record or factual source—provides a sufficient factual basis under section 1192.5. (*Holmes*, at p. 442, fn. 8.)

We conclude the trial court satisfied the statutory requirements set forth under section 1192.5.  We therefore reject Lamar's assertion that the trial court abused its discretion by accepting Lamar's no contest pleas.

## DISPOSITION

The judgment is affirmed.